**UNITED STATES v. 50.34 ACRES OF LAND, MORE OR LESS, IN VILLAGE OF EAST HILLS, NASSAU COUNTY, N. Y., et al.**

**Civ. C. P. 83.**

United States District Court
E. D. New York.

May 12, 1952.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Herman Goldman, New York City, for defendant John William Mackay.

BYERS, District Judge.

This is a plaintiff's motion as permitted by F.R.C.P. 30(b), 28 U.S.C.A. for an order limiting the matters to be inquired into in the taking of the deposition by oral examination of one Milton A. Pearl, pursuant to notice served on April 25, 1952.

The motion papers disclose that the above-mentioned 50.34 acres of land are part of a larger tract covered formerly by a lease from the owner to the United States Government, negotiated sometime during the year 1943. During the occupancy of the entire tract, claims arose on the part of the owner for alleged waste, and otherwise, which were the subject of discussions between the owner and his attorney and the representatives of the Government; during the course of those discussions certain statements were made and suggestions advanced as the basis of negotiations for the acquisition of the said 50.34 acres without resort to condemnation proceedings. Those negotiations failed, and apparently it is the purpose of the defendant to take the deposition of Mr. Pearl, who was and now is the Chief of the Real Estate Division, Corps of Engineers, United States Army, concerning opinions which he expressed during the course of those negotiations, touching the value of the subject property, and it is that purpose which it is the office of this motion to defeat.

The material provisions of the Rule in question may be quoted:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or * * * that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters * * *."

Seemingly, it is not contended by the defendant that upon the trial it would be proper to elicit from Mr. Pearl figures discussed for the purpose of settlement in order to avoid litigation; nor is it urged that the defendant has a right to elicit mere matters of opinion as distinguished from facts.

Apparently the theory is that if Mr. Pearl advanced, suggested or recommended a certain figure as reflecting his opinion concerning the market value of this property, that in itself is a fact concerning which the defendant may inquire under the guise of seeking discovery. Whether those two positions are logically related may well be the subject of differing views since all questions of value come down to matters of opinion, and the trial court is expected to gain information on the subject of the fair and reasonable market value by listening to opinion evidence and giving it such weight as it may command. It does not follow then that because Mr. Pearl might not be permitted as a witness at the trial to disclose all the details of negotiations undertaken for the purpose of settlement, he could not be asked concerning those matters as an incident to discovery, within the proviso of the closing sentence of Rule 26(b), namely:

"It is not ground for objection that the testimony will be inadmissible at the trial *if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."* (Emphasis supplied.)

The present requirement, therefore, seems to be directed to the likelihood that Mr. Pearl's stated opinion as to value would lead to the discovery of "admissible evidence"—such, for instance, as comparable sales of such real estate as this.

The defendant asserts that the examination of Mr. Pearl is intended to develop the following:

■ (1) His qualifications as an expert. Standing by itself, that would not seem to fall within the proviso of Rule 26(b) above.

(2) The names of the staff appraisers of the District Engineer. The same remark applies to this.

(3) "The recommendation he or his office submitted to the petitioner-plaintiff with respect to the price to be paid for the subject property." Since the question for ultimate decision is the fair market value of the property at the date of taking, the said recommendation may or may not expose comparable sales. In any case there is no allegation that Mr. Pearl is the only person who knows about comparable sales.

■ (4) "As to his (Mr. Pearl's) authority to make admissions which would be binding on the petitioner-plaintiff." Seemingly the nature and scope of Mr. Pearl's authority is deemed to be important, but it may be doubted if the way to prove it is by examining him, instead of his principal. That is the customary method for establishing the nature and scope of a given agency.

■ (5) "As to the names of other appraisers that petitioner-plaintiff may have engaged during the course of the said negotiations." I should not have supposed that this purpose would fall within the quoted provisions of Rule 26(b), but it is unnecessary to pass upon that question since an order has already been made by Judge Galston permitting the defendant to inspect, copy, etc. appraisals obtained by the Corps of Engineers in connection with the negotiations intended to lead to compromise of the controversy. It has not been shown on this motion that the discovery so sanctioned, requires amplification.

■ (6) And as to "Mr. Pearl's duties as Chief of the Real Estate Division of the Office of the District Engineer." It is difficult to see how that subject would be reasonably calculated to lead to the discovery of admissible evidence concerning the fair and reasonable market value of the subject property at the date of taking.

The defendant relies principally on the various opinions rendered in the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The quotation from page 507 of 329 U.S., page 392 of 67 S.Ct., in the defendant's brief, referring to the broad and liberal treatment of discovery rules, is in part as follows:

"No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. * * *"

The word "facts" occurs thrice in this quotation.

The subject matter of the prior order, to which reference has been made, was appraisals. The subject matter of this motion can be called factual only in a very limited and non-evidentiary sense. Recommendations and the weight to be attributed to them constitute opinions or debates which, however interesting in an argumentative sense, can scarcely rise to the level of evidentiary facts as discussed in the above quotation from the Hickman case.

■ It results that, in my opinion, the petitioner-plaintiff is entitled to an order restricting the deposition by oral examination of Mr. Milton A. Pearl to such matters as pertain to the fair market value of the subject matter of this litigation as of the date of taking.

Settle order.