VIRGIN ISLANDS HOUSING
AND URBAN RENEWAL AUTHORITY,
Plaintiff

v.

19.0976 ACRES OF LAND
in St. Thomas, Virgin Islands,
MARIA ELMIRA LOCKHART, ALFRED H. LOCKHART,
DOROTHY LOCKHART ELSKOE, RAYMOND S. LOCKHART,
et al., and UNKNOWN OWNERS, Defendants

Civil No. 110 - 1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 11, 1958

LEON P. MILLER, ESQUIRE, United States Attorney, Charlotte Amalie, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQUIRE, Charlotte Amalie, Virgin Islands, *for defendants*

MARIS, *Circuit Judge*[*]

█ Gentlemen, it is quite clear that the Virgin Islands Housing and Urban Renewal Authority has broad powers to undertake and carry out a housing project of the type that is involved here. It has power to undertake and carry out studies, analyses, research and investigation of housing and redevelopment needs, and the means and methods of meeting the needs disclosed by those studies. It has power to make findings and determinations with respect to matters relating to housing and means and methods of carrying out its functions, and may carry into effect such findings and determinations as it may from time to time decide upon under the powers given to it by chapter 1 of Title 29 of the Virgin Islands Code, as amended. In the exercise of these powers, the Authority has approved the project which is involved in this case. The project has been approved by the Federal Housing Administration, and is at the point of proceeding if and when the Authority can acquire the land which is being sought in this action to be acquired in order to build this project.

█ Now, it is true that Title 28 of the Virgin Islands Code regulates the exercise of the power of eminent domain. Section 415 of that title provides that "In all cases

[*]Oral opinion.

where land is required for public use the government, or its agents in charge of such use, may survey and locate the same, but it shall be located in the manner which will be most compatible with the greatest public good and the least private injury, . . ." and section 417 of the same title provides that "The court has power to . . . limit the amount of property sought to be appropriated, if in the opinion of the court the quantity sought to be appropriated is not necessary; . . . ". It is quite clear to me that these two sections must be read together, and that the exercise of judgment with respect to the public good which will be promoted by this housing project, and with respect to the land required may not be undertaken independently of each other.

█ The balancing of public good against private injury is in the first instance for the Authority. The Authority under the statute has power to investigate, employing persons to assist it in this regard, and to make studies and findings and determinations upon that subject. It is a basic principle of our form of government that it is not for the judicial branch of the government to perform a function of that kind. The exercise of such a function is basically the exercise of legislative power to act for the public good and in the public interest; power which in this instance the Legislature has delegated to the Authority. With the exercise of such a function the courts will not interfere except to the extent necessary to keep the executive or legislative agency from trespassing beyond the bounds of its authority under the law. Certainly the discretion or judgment of this court is not to be substituted for that of the Authority or of the Legislature from which the Authority received its delegated power. The determinations of the Authority must, therefore, be accepted as prima facie valid and I so accept them.

Accordingly, in order for the defense in this case to

be sustained it would be necessary for me to find from the evidence that the Authority, in making the determination which it has made and which I find that it has made as a responsible public agency, was guilty of an abuse of the discretion which has been conferred upon it by the law, that it so far departed from the area of judgment allotted to it that I could say that it has trespassed beyond the statutory limits laid down for it and has abused its powers. I am not able to make such a finding from the evidence in this case. I am not able to find that the taking of the land here sought to be taken is not compatible with the greatest public good and the least private injury, and that the finding which the Authority has by its action made to that effect is so far erroneous as to amount to an abuse of discretion. Nor am I able to find from the evidence that the land sought to be taken is not necessary as to amount or location for the purpose of this housing project.

Insofar as the taking of the land will injure these owners and their remaining land, they are entitled to just and full compensation. This land is not being taken from them by confiscation. The Government will have to pay them the full, fair and just amount which they lose by this taking, not only with respect to the land which is being taken, but with respect to the injury which may result to their remaining land by reason of its severance from the part being taken, with a resulting inaccessibility from the public highway and loss of the water supply now on the land taken. All of these factors will be taken into account by the commissioners who will consider the damages and assess the just compensation to be made. Those matters, therefore, are not for consideration at this time, but are to be considered by the commissioners when appointed.

Accordingly, for the reasons which I have stated, I con-

clude that judgment should be entered in favor of the plaintiff in this action. The judgment will provide for the appointment of three commissioners to consider and determine the just compensation to be awarded to the owners of the land to be taken. The judgment will also provide that the Authority shall afford to the owners a right of way along the northern line of the land to be taken from Sugar Estate Road to their remaining land adjoining on the east, and that this right of way will remain open until such time as a satisfactory access highway to such remaining land is opened by the Government from the Raphune Road. The owners are entitled to such a right of way and the Authority has agreed to it. It will obviously substantially alleviate what otherwise would be a very serious injury to the owners' remaining property.

An appropriate judgment will be entered.