**THE GOVERNMENT OF THE VIRGIN ISLANDS,**
Plaintiff
v.
**50.05 ACRES OF LAND, SALT RIVER,**
**ST. CROIX, VIRGIN ISLANDS,**
**FREDERICK OMAN, JOHN T. BURR, ROBERT B. GEORGE,**
**ELIZABETH STARR GEORGE, EDWARD J. LANIGAN**
and
**LILLIAN A. LANIGAN,**
and Unknown Owners, Defendants

Civil No. 45-1959
District Court of the Virgin Islands
Div. of St. Croix at Christiansted

August 11, 1960

*See, also, 185 F. Supp. 495(same opinion), and p. 239, this volume*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant Oman*

YOUNG and ISHERWOOD, Christiansted, St. Croix, Virgin Islands, *for defendant Burr*

BAILEY and WOOD, Charlotte Amalie, St. Thomas, Virgin Islands, *for defendants Robert and Elizabeth George*

HASTIE, *Circuit Judge*

In this condemnation case defendants Frederick Oman and John T. Burr, owners of record of the tract in suit,

112

and Robert B. George and Elizabeth Starr George, who claim an interest as mortgagees, have denied the right of plaintiff, Government of the Virgin Islands, to acquire by eminent domain a certain 50.05 acre tract of land at Salt River, St. Croix, to "be developed and maintained by the Government of the Virgin Islands as an historical and public recreational area". Accordingly, at this preliminary stage of the case the defendants are seeking dismissal of the action on the ground that it is an effort to accomplish an illegal taking, while the government is seeking an interlocutory order establishing its right to take the parcel, thus clearing the way for a second stage of litigation in which the fair value of the land will be determined in manner prescribed by law.

The defendants have offered evidence and presented arguments of law in an effort to show that the proposed taking is not necessary, is not for a proper public purpose and, in any event, embraces a larger tract than needed for any legitimate public use. The court's findings on the basis of the evidence thus admitted will appear in the course of this opinion.

In chapter 19 of Title 28 (§ 411 et seq.) of the Virgin Islands Code there has been enacted a statutory scheme for the condemnation of land by the local government for public uses. In addition, the Legislature has specially and specifically authorized the present condemnation in Act No. 350, 2d Legislature, approved July 7, 1958. Sess. Laws of 1958, 130 (32 V.I.C. § 2 note). In this statute it is "declared that the acquisition and development of the . . . [precise area claimed in this suit] is in the public interest of the Virgin Islands and is an authorized public use". It is further provided that "the said area upon acquisition shall be developed and maintained by the Government of the Virgin Islands as an historical and public recreational area, including the provision of public swim-

113

ming and beach use facilities on the northern and southern sides of the peninsular, and facilities for fishing". The statute expressly authorizes the acquisition of the tract by eminent domain.

■ Since all parties concede that the providing of public parks and recreational areas is an appropriate function of government, plaintiff strenuously insists that Act No. 350 conclusively establishes both that the taking is for a proper public purpose and that land at the place and in the amounts specified by the Legislature is needed for that purpose. For the purposes of this case it is not necessary to go that far. For certainly the legislative enactment establishes prima facie, and unless and until a clear and very strong showing is made to the contrary, that the taking, as thus authorized, in its entirety will be the taking of a tract needed for a proper public purpose. That conclusion at least is required by the decision of this court in Virgin Islands Housing and Urban Renewal Authority v. 19.0976 Acres of Land, 1958, 3 V.I. 384. That case makes it the law of this jurisdiction that the determination of what and how much property is needed for a stated public use is primarily a matter of legislative discretion whether that discretion is exercised through an administrative agency as in that case, or directly by the Legislature as here. Only if it appears affirmatively that such a legislative determination has been made arbitrarily, without attendant circumstances which might persuade reasonable men so to act, can judicial interdiction be justified.

■ The evidence in this case falls far short of such conclusive proof of arbitrary action. To begin with the evidence shows and the court finds that historical writings and general community belief and understanding designate the inlet or lagoon called Salt River, which indents the northern shore of St. Croix, as the first place where

Columbus tried to land in this hemisphere. This attempted landing was repulsed by hostile aborigines and Columbus resumed his journey westward. In these circumstances, great and unique historic interest and significance attach to the inlet and the land adjacent to it. Since this inlet constitutes most of the frontage of the tract in suit, and the depth and acreage of the 50 acre tract are appropriate and not extraordinarily large for the establishment of a park and recreational area adjacent to the bay, it is difficult to imagine a showing which would make the selection of this tract for a historical and recreational public area arbitrary.

The factual showing made by the defendants indicates and the court finds that only about five acres of the tract in suit have been found to contain Carib artifacts and appear to contain sites of aboriginal settlements; that a small plot of about one acre of ground near and overlooking Salt River has already been given to the government with a view to its use as a Columbus memorial; that the shore of Salt River and the bottom beneath its marginal waters are rocky and do not presently constitute an attractive beach and swimming area; that the tract sought by the government does not contain any substantial number of trees of such kind and size as would afford suitable shade for picnics and other outings. The court has excluded as irrelevant an offer of the defendants to prove that the government owns a number of other undeveloped sites in St. Croix suitable for recreational area, but not connected with the voyage of Columbus.

In its entirety the showing thus made and proposed by the defendants fails to establish that the Legislature acted arbitrarily in its decision to acquire the 50 acres in suit and to develop this Salt River site as a historical and recreational public area. Accordingly, the court con-

115

cludes that the Legislature has duly authorized the acquisition of the tract in question for a proper public purpose, and that the conclusion of the Legislature that the entire 50.05 acres is needed for the development of an appropriate historical and public recreational area is a reasonable and permissible conclusion entitled to be respected by this court.

■ ■ An entirely different objection is made that the Legislature has appropriated an insufficient sum of money for the acquisition of the property. The Legislature has appropriated $75,000 for this purpose. The court finds that there is a bona fide dispute among the parties, and the experts they are prepared to call as witnesses, whether the land is worth more or less than $75,000. However, the court believes and rules that decision on all questions raised in this connection should and will be postponed until a later stage of this litigation. If the prescribed procedure for determining the fair value of property in condemnation cases results here in a final decision that the value is less than $75,000, the difficulties anticipated by the defendants will not arise. If the fair value of the tract is found to be more than $75,000 the owners will still not be deprived of their property unless and until the full amount of the awards is paid by the government. 28 V.I.C. § 420. Cf. Johnson v. Mayor and City Council of Baltimore, 1930, 158 Md. 93, 148 Atl. 209. In this connection, the defendants point out that even if this court should find fair value to be less than $75,000, that amount can be increased on appeal. However, section 420 expressly authorizes the court to require a bond or other security for additional damages which may be awarded on appeal if the government is allowed to take possession before the litigation is ended. Defendants also point to Act No. 629, 3d Legislature, approved July 10, 1960 (28 V.I.C. § 415), enlarging the authority of the government to take

116

possession of property pending condemnation. There has been no invocation of this section in the present case and counsel for the government candidly expressed doubt as to the validity of this new enactment. There is no reason to believe that this section will in any way affect the course of the present litigation and, therefore, no opinion is expressed concerning it.

■ The court has not overlooked an additional objection made by certain defendants that under the statutory scheme for condemnation there has already been an uncompensated "taking" of property in this case. The reasoning seems to be that the very filing of this suit interferes with the normal freedom of an owner to use and dispose of his property. But such interference is inherent in all condemnation proceedings. No case has been cited or found which supports the view that the condemnation action itself constitutes a taking. The court finds no merit in it.

■ An interlocutory order will be entered declaring the taking of the tract in suit by eminent domain to be lawful and proper. Since one of the parties has asked for the appointment of Commissioners to determine just compensation for the proposed taking, the court will also appoint a commission as provided by law. 28 V.I.C. § 418.