**GOVERNMENT OF THE VIRGIN ISLANDS,**
Plaintiff

v.

**50.05 ACRES OF LAND, SALT RIVER, ST. CROIX,
VIRGIN ISLANDS,
FREDERICK OMAN, JOHN T. BURR, ROBERT B. GEORGE,
ELIZABETH STARR GEORGE, EDWARD J. LANIGAN**
and **LILLIAN A. LANIGAN, and Unknown Owners, Defendants**

Civil No. 45-1959

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 27, 1961

*See, also, 190 F. Supp. 543 (same opinion), also p. 111, this volume*

RUSSELL JOHNSON, ESQ., Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant Oman*

YOUNG and ISHERWOOD, Christiansted, St. Croix, Virgin Islands, *for defendant Burr*

BAILEY and WOOD, Charlotte Amalie, St. Thomas, Virgin Islands, *for defendants Robert and Elizabeth George*

OPINION AND FINDINGS ON VALUATION

HASTIE, *Circuit Judge*

In an opinion filed in this cause August 11, 1960, this court found the proposed taking of the land in suit by eminent domain to be lawful and proper. 4 V.I. 111, 185 F. Supp. 495. Thereafter, pursuant to the demand of a party, commissioners were appointed to determine just compensation for the taking. After notice and full hearing the commissioners filed their findings and report, wherein they concluded that the fair market value of the land at the time of filing of this suit was $3,750 per acre or $217,728.75 for the entire tract, found to comprise 58.061 acres rather than the smaller acreage alleged in the complaint. To this report the Government of the Virgin Islands filed objections. This court then received additional testimony as to value and heard full argument on all matters of fact and law relevant to the question of valuation.

The court finds error of law in the report of the commissioners in that it disregarded as irrelevant significant testimony as to value. The report recites that "the defendants' valuation witnesses place it [the value of the land] at from $3,500 to $4,500 per acre. The plaintiff put in no testimony as to valuation". Thus, reasoning that the sole evidentiary basis for determining value was the testimony of defendants' experts, the commissioners found a value of $3,750 per acre, a figure within the range and variation of these expert opinions.

241

■ The commission apparently was persuaded by an argument of counsel that the prices recently paid by the defendants to acquire the very holdings in suit are not relevant to valuation in such a proceeding as this. However, the controlling and correct rule, as stated several years ago by the Court of Appeals for this circuit is that "recent sales of the particular premises or of similar parcels, generally speaking, are the most desirable standard . . . ." See United States v. 13,255.53 Acres of Land, 3d Cir. 1946, 158 F. 2d 874, 876. Therefore, if the transactions by which the present owners, or even predecessors in title, acquired the land in suit are not remote in time from the condemnation they are likely to afford very significant evidence of present value and just compensation. Simmonds v. United States, 9th Cir. 1952, 199 F.2d 305 (4 years); Dickinson v. United States, 4th Cir. 1946, 154 F.2d 642 (6 years); United States v. 63.04 Acres of Land, E.D.N.Y. 1956, 142 F. Supp. 239 (8 months). Indeed, such evidence is in one important respect superior to evidence of recent sales of neighboring parcels. It eliminates the necessity for and uncertainty of comparative evaluation of different tracts.

In May 1959, pursuant to a purchase agreement signed on March 23, 1959, defendant Burr purchased an undivided half interest in the land in suit from Robert and Elizabeth George for $62,500. To secure the deferred payment of part of this price, the Georges took back a purchase money mortgage for $17,500. The present condemnation proceeding was filed August 25, 1959, just five months after Burr contracted to purchase the property.

Two years earlier, pursuant to a purchase agreement of May 1957, the defendant Oman and the Georges had purchased the entire tract for $53,500. The erection of a fence costing $700 was the only improvement of the property by these owners. Both the 1957 sale of the entire tract and the 1959 sale of a half interest were voluntary. However, it

does appear that the 1957 sellers were absentee owners who may not have known how rapidly real estate prices in St. Croix were appreciating.

In connection with the 1959 sale from the Georges to the defendant Burr it appears and the court finds that the parties knew that the Legislature of the Virgin Islands had authorized the condemnation of this land. It is argued that this circumstance served to reduce the selling price. However, the obligation of government to pay full value for land taken by eminent domain is clear and generally known. Beyond this, the agreement of March 23, 1959, indicates that the basic price of $62,500 was contemplated as a fair bargain in the event there should be no condemnation. For that agreement obligated the Georges to cancel the above-mentioned $17,500 mortgage and the deferred payment it secured if within the next nine months the entire property should be condemned for $90,000 or less, while Burr contracted to pay the Georges, in addition to the basic $62,500, a half of his share of any sum in excess of $160,000 which the government might pay for the entire property in condemnation. The basic selling price of Burr's interest, $62,500, is half of $125,000, which itself is a median figure between $160,000 and $90,000. In these circumstances, it seems clear that the parties considered $62,500 a fair price for the Georges' half interest in March 1959, and at the same time undertook, on the one hand, to protect Burr, if the government should condemn for much less than this, and, on the other, to enable the Georges to share in any extraordinary profit which might result from an exceptionally favorable valuation in the condemnation. The court also reads this agreement as indicating the thinking of the parties that payment to Burr of an amount between $62,500 and $80,000 for his half interest in any condemnation instituted within nine months would compensate him adequately.

In these circumstances very great weight should and now will be given to the price agreed upon in this voluntary sale a few months before condemnation.

■ Consideration must also be given to evidence of appreciation in value during the five months which elapsed between Burr's purchase contract and the present condemnation. Comparing values of this land at different recent times, a real-estate broker, testifying for the defendants before the commissioners, indicated an annual appreciation of about $500 per acre, though other testimony indicated that the rate of appreciation was neither constant nor precisely determinable. It also appears that the sale by the Georges to Burr was at a price about $1200 per acre in excess of what they had paid for the land two years earlier. Accordingly, the court finds that $250 per acre is a fair estimate of the increase in the value of the property between March 23, 1959, and the filing of this condemnation suit on August 24, 1959.

■ ■ If only the actual selling price agreed upon in March 1959, and the appreciation in value during the next five months were considered, the resultant valuation would be about $2400 per acre. However, some weight should and will be given to the fact that before the commissioners, two real-estate brokers and an appraiser, called by the defendants, gave substantially higher estimates of value, varying from $3,500 per acre to $4,600 per acre. In the view of the court these necessarily imprecise estimates of value, based on comparisons in an admittedly erratic market, solicited by defendants and offered in their interest, should not greatly change the valuation as otherwise indicated and analyzed above. In the circumstances, such estimates tend to be as generous as integrity and good conscience will permit. On the other hand, the court cannot be openhanded with the public purse. Rather, it must be guided by the admonition of our Court of Appeals that "the compensation

to be awarded must not only be just to the owner but it must be just to the public who is to pay for it". United States v. Delaware, Lackawanna & W. R. R., 3d Cir. 1959, 264 F.2d 112, 117 cert. denied 361 U.S. 819, 80 S. Ct. 63, 4 L. Ed. 2d 65. Accordingly, the court will and does find that the value of the land is $2,800 per acre or a total of $162,570.80 for the entire tract of 58.061 acres.

■ The interest herein demanded and to be transferred is an estate in fee simple. While the basic interests and incumbrances of record as pleaded are not in dispute, counsel have suggested that some doubt may exist concerning the status of a right of way over adjoining property enjoyed by defendants in connection with their ownership of the land here in suit, but not mentioned in the complaint. In the present posture of the record the court will do no more than to accomplish the transfer of ownership of the dominant tract in fee simple without purporting to specify any appurtenant right or rights which may attach to that title. The evidence of value has related to the full fee simple interest thus viewed.

■ A final problem is created by a question raised by defendants whether funds are available to pay the award to be made in this case. An affidavit has been filed herein by the Governor of the Virgin Islands averring that a sum sufficient "to pay the cost of acquisition is now on hand in the Property Acquisition Account but as a matter of policy the undersigned [Governor] wishes the approval of the Legislature before drawing on said account".

In view of this uncertainty concerning payment of just compensation, the court will not presently enter judgment but will allow the plaintiff until May 1, 1961, to deposit with the Clerk of this Court $165,000 to cover the award herein found just, together with whatever costs and expenses of litigation may lawfully be determined and assessed against plaintiff. However, counsel may at this time, with-

out waiting for any deposit by the plaintiff, submit for the consideration of the court a proposed decree consistent with this opinion and satisfactory in form to all parties.

The question remains whether in a condemnation suit defendants' attorneys' fees or any of their costs may and should be taxed against the Government of the Virgin Islands. This question was expressly mentioned and left open by this court in Virgin Islands Housing and Urban Renewal Authority v. 19.0976 Acres of Land, 1959, 4 V.I. 16, 172 F. Supp. 333. The defendant shall submit to the court in typewritten form on or before March 1, 1961, whatever representations they may deem appropriate on this question and the plaintiff may reply within fifteen days thereafter.