UNITED STATES of America, Petitioner-Plaintiff,

v.

284,392 SQUARE FEET OF FLOOR SPACE IN the property known as 227–237 SCHERMERHORN STREET, AND 240–252 LIVINGSTON STREET, BOROUGH OF BROOKLYN, COUNTY OF KINGS, CITY AND STATE OF NEW YORK, and Martin S. Goldring, Hyman J. Sobiloff, Gabriel Lavine, Samuel A. Strassler, Unknown Owners, Defendants.

No. 61–CD–693.

United States District Court
E. D. New York.

Feb. 21, 1962.

See also, 203 F.Supp. 70.

Harry T. Dolan, Sp. Asst. to Atty. Gen. of U. S., for petitioner-plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Hyman J. Sobiloff, Gabriel Lavine, and Samuel A. Strassler, Samuel J. Silverman, New York City, of counsel.

BARTELS, District Judge.

In this condemnation proceeding a motion is made by the Government to dispense with the taking of an oral deposition of such officers or agents of the Government "as may have knowledge of the value of the property" involved herein. The notice also calls for the production of appraisal reports and documents relating to value in the Government's possession.

Both sides raise the question as to whether the books and records can be ordered on such an examination without compliance with Rule 34, F.R.Civ.P. 28 U.S.C.A. and whether the appraisals are cloaked with the protection of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. There has been no showing that would invoke the protection of the "work product rule", nor has there been any reason advanced to excuse the application of Rule 34 with respect to the books and records. Defendants cannot seriously contend that they can circumvent the "good cause" requirement of Rule 34 by noticing an oral deposition.

Moreover, if books and records are sought to assist the witness in testifying, the record does not disclose that a subpoena duces tecum was served.

The crux of this application is simply whether the opinions of the experts in the Government's employ, on the issue of value as contained in appraisals in the Government's possession, are discoverable.

Defendants rely on United States v. 50.34 Acres of Land, etc., D.C.N.Y., 1952, 13 F.R.D. 19, and United States v. Certain Parcels of Land, etc., D.C.Cal., 1954, 15 F.R.D. 224, as well as other cases which are not condemnation cases and which need not be considered. Both of the above cases are Rule 34 cases, but are not controlling for more important reasons. Insofar as United States v. 50.34 Acres permitted discovery of opinions contained in appraisals, this Court does not believe it is in accordance with the most accepted authorities, and inasmuch as United States v. Certain Parcels of Land denied discovery with respect to opinions contained in appraisals, it does not support defendants' contentions.

The right of the land owner to opinions of experts in the Government's employ has been presented to this Court on other occasions, most recently in United States v. 50.34 Acres of Land, etc., 1952, 12 F.R.D. 440, and United States v. 19.-897 Acres of Land, etc., 1961, 27 F.R.D. 420. In the former case the Court held that the Government could not be examined with respect to its expert's qualifications, the names of its staff appraisers, or the recommendations submitted by the expert. In the latter case the Court, citing many authorities, held that the interrogatories could not be posed to the Government's expert with respect to his opinion and thought processes as to value but that they must be limited to the sales of real property which the Government might contend on the trial should be considered in arriving at a fair and reasonable value. Names of appraisers, appraised values or qualifications of the appraisers were not permitted. Ap-

parently the Court reasoned in both cases that the testimony of the expert witness as to his opinion is neither factual nor within the scope of examination permitted under Rule 26(b), nor calculated to lead to the discovery of admissible evidence except insofar as it might disclose the sales of parcels relied upon.

■■ An expert does not testify to occurrences which he has witnessed, but only as to his opinion based upon knowledge self-acquired from experience and tests. While an expert may under certain circumstances be required to testify at a trial, he cannot be compelled to make examinations or experiments, or otherwise acquire knowledge upon which an opinion may be based. 8 Wigmore, Evidence (3rd Ed.) § 2203, p. 134; Boynton v. R. J. Reynolds Tobacco Co., D.C.Mass., 1941, 36 F.Supp. 593. But it should be noted that the fact that the expert may be compelled, under certain circumstances, to testify at the trial does not necessarily provide a foundation for discovery proceedings, for the latter is much wider in scope than the former. 4 Moore's Federal Practice 1157.

■■ In a condemnation proceeding each party is entitled to elicit in advance facts within the other party's knowledge or possession. The same is not true with respect to opinions and conclusions because they are not facts which are inherent in the case but are only opinions or conclusions which an experienced person (who may or may not be a third party) has drawn or inferred from such inherent facts and which may or may not be justified. Without a showing of necessity, the Court believes it should limit its discovery only to the facts upon which the opinions or conclusions may be based. Defendants are fully acquainted with the Government's claim and a discovery of the opinions of the Government's employees would be tantamount to a discovery of the theory or mental operations upon which plaintiff bases its case. Since the deposition sought herein is not that of a third person but of a party, there is present the additional objection that the Government would be bound before trial

by the theory and opinions of an individual whose examination is now sought.

Defendants further assert that since the Government has been in possession of the premises for several years, the Government, and not the defendants, is in exclusive possession of certain factual information relevant to the issue of value, such as "the physical condition of the premises, cost of maintenance, modernity and state of repair of equipment (such as lighting, air conditioning, elevators, trash disposal, etc.) * * *."

It must be noted that even here areas of fact and opinion are intertwined. For example, "modernity" of air conditioning involves both fact and opinion. However, a liberal approach must be adopted, lest any inquiry of fact fail because it in some peripheral manner touches on the area of "opinion". Consistent with the foregoing, the Court will permit the deposition to be taken with respect to factual matters, but not with respect to opinions, on the issue of value. Plaintiff's motion is denied, except to the extent indicated.

Settle order within ten (10) days on two (2) days' notice.