UNITED STATES of America,
Plaintiff,

v.

3,595.98 ACRES OF LAND, MORE OR LESS, Situate in GLENN AND TEHAMA COUNTIES, STATE OF CALIFORNIA (Tract No. 200); Hilda Gupton, et al., Defendants.

UNITED STATES of America,
Plaintiff,

v.

781.92 ACRES OF LAND, MORE OR LESS, Situate IN GLENN AND TEHAMA COUNTIES, STATE OF CALIFORNIA (Tract No. 202); Hilda Gupton, et al., Defendants.

Civ. Nos. 8065, 8178.

United States District Court
N. D. California, N. D.

Dec. 20, 1962.

Charles R. Renda, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Robert V. Blade, Oroville, Cal., and Peters, Peters & Hoffman, Chico, Cal., for defendants Robert C. Knudsen and Violet F. Knudsen.

HALBERT, District Judge.

Two problems have arisen in connection with the pre-trial proceedings in these condemnation actions. These problems are: (1) Shall there be an order requiring an exchange by the parties, prior to trial, of the comparable sales upon which each side intends to rely; and (2) May sales entered into after the date of taking of the involved property be considered relevant as comparable sales.

*(1) Exchange of Comparable Sales*

The general policy, in federal condemnation proceedings, has been not to require an exchange of information as to each side's comparable sales. The presumed bases for such a policy have included the fact that appraisal reports, containing matters of opinion and work product, would be involved, and the hypothesis that the efforts of one side to the litigation might be turned over to the opposing side without any necessary recompense. It is clear, however, that the mere divulging of the intended evidentiary use of a particular plot of land does not involve, without more, an inquiry into matters of opinion or work product. Only a question of fact is involved. As to the second objection, that inequality of treatment might be imposed upon one party, it would seem that safeguards can, and should, be taken to prevent such an occurrence.

The growing trend in this area, in contradistinction to the previously accepted policy, supports the idea of an exchange of comparable sales as conducive to a practical means of eliminating problems of surprise (Oceanside Union School Dist. v. Superior Court, 58 A.C. 182, 23

Cal.Rptr. 375, 373 P.2d 439; United States v. 19.897 Acres, D.C., 27 F.R.D. 420; and see, United States v. 284,392 Square Feet, D.C., 203 F.Supp. 75). This Court is in accord with the reasoning behind the growing trend, and an exchange of comparable sales intended to be relied upon by the parties will be required, prior to trial, notwithstanding whatever previous interpretations to the contrary may have been made in these cases.

Without setting forth a precise rule on the subject, the Court feels constrained to here note that problems of unequal exchanges well may arise in certain situations. If such a situation is brought to the attention of the Court, it will take affirmative steps to remedy such a situation. It is, of course, to be hoped that this will not become necessary.

### ■ *Use of Comparable Sales After Taking*

■ As to the question of the admissibility of comparable sales entered into after the date of taking in the instant case, it should be noted initially that the quantum and method of proving just compensation is a federal question, and is governed entirely by federal law (United States v. 93.970 Acres of Land, 360 U.S. 328, 332–333, 79 S.Ct. 1193, 3 L.Ed.2d 1275; United States v. 4.553 Acres of Land, D.C., 208 F.Supp. 127, 129; and United States v. 70.39 Acres of Land, D.C., 164 F.Supp. 451, 479–480).

■ Defendants raise the point, that federal law in the above-noted framework includes Rule 43(a) of the Federal Rules of Civil Procedure, which refers to the rules of evidence of state courts insofar as such rules favor the reception of evidence which would be inadmissible under general federal law. The point is of little significance in this case because of the fact that both the California courts (Monterey County Flood Control & Water Conservation Dist. v. Hughes, 201 A.C.A. 257, 20 Cal.Rptr. 252; and see: County of Los Angeles v. Hoe, 138 Cal. App.2d 74, 291 P.2d 98) and the federal courts (United States v. Meadow Brook Club, 2 Cir., 259 F.2d 41, 46; United States v. 63.04 Acres of Land, 2 Cir., 245 F.2d 140, 144; United States v. 1,108 Acres of Land, D.C., 204 F.Supp. 737, 739; and United States v. 7.14 Acres of Land, D.C., 198 F.Supp. 120, 125) have either actually admitted evidence concerning "after-sales" or have noted that such evidence should have been admitted. The basis for such a policy rests on the wide discretion of the trial court as to individual offers of proof in this area. In making its decision, the trial court must take into particular consideration the question of whether the "after-sales" are too remote in time and whether such sales may have been affected by the condemnation of the subject property.

The Government points to United States v. 70.39 Acres of Land, supra, 164 F.Supp. at 476, and Standard Oil Co. of Cal. v. Moore, 9 Cir., 251 F.2d 188, 221, as authority for its contention that the Ninth Circuit rule prohibits the admission of evidence of "after-sales." The Moore case, however, was not a condemnation action, but a treble-damage, antitrust action. It relied for its authority, on the question of the admissibility of evidence of subsequent events, upon Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (which held that valuation of a life estate in certain property for taxation purposes was to be made upon the basis of mortality tables, without consideration of an untimely death), and City of New York v. Sage, 239 U.S. 57, 36 S.Ct. 25, 60 L.Ed. 143 (which held that no additional value was to be imputed to the subject property in a condemnation action merely by reason of the project for which said property was being condemned). Thus, the applicability of the Moore case to the 70.39 Acres case is tenuous, at best, and does not appear controlling in the instant case. While this Court should, and does, give the ruling in the 70.39 Acres case respectful consideration, it does not feel bound by this decision. This Court chooses to follow the more liberal rule on the question of "after-sales."

The Government has cited numerous cases in support of its contention that the

federal rule in the area of subsequent comparable sales requires the exclusion of such sales (See: Kerr v. South Park Commissioners, 117 U.S. 379, 6 S.Ct. 801, 29 L.Ed. 924; Shoemaker v. United States, 147 U.S. 242, 13 S.Ct. 361, 37 L. Ed. 1170; United States v. Iriarte, 1 Cir., 166 F.2d 800; International Paper Co. v. United States, 5 Cir., 227 F.2d 201; and Onega Corp. v. United States, 10 Cir., 295 F.2d 461). Counsel for the Government admits that, in many of the earlier cases, it would appear that the primary motivation behind the rule of exclusion was to avoid the effect of the Government project upon the value of the property condemned, whether beneficial or detrimental. He contends, however, that a further reason for such exclusion was that the sales would not be available for consideration by the hypothetical purchaser and seller and could not, therefore, enter into their considerations and negotiations in determining market value as of the date of valuation. It appears to the Court that this consideration enters into the province of judicial discretion. It could well be, for example, that a hypothetical seller might be aware of external negotiations which would culminate in a sale within a matter of days subsequent to the valuation date placed upon his own property. Such knowledge would, on the other hand, be much more unlikely where the subsequent negotiations and sale occurred more than a matter of months after the date of valuation placed upon his own property. These are matters upon which the Court must make an individual determination, as the evidence relating to the particular offer unfolds. These matters are not, in the Court's opinion, sufficient grounds for the adoption of an inflexible rule requiring the advance exclusion of all "after-sales."

What is said here by the Court on the question of the admission of evidence of "after-sales" must not be taken as a suggestion that such evidence will be admitted with unbridled restraint. To the contrary, the admission of evidence of comparable sales entered into after the date of taking will be the exception rather than the rule. Evidence of such sales will be admitted only when it can be demonstrated to the Court that such evidence is necessary in order for the land which is the subject of the action to be properly evaluated.

Order accordingly.