VIRGIN ISLANDS HOUSING AUTHORITY, Plaintiff

v.

15.5521 U. S. ACRES OF LAND IN ST. CROIX, VIRGIN IS-
LANDS, GOLDEN ROCK LAND DEVELOPMENT
CORP., GOLDEN ROCK HOUSING DEVELOPMENT
CO., CHEVRON CAPITAL CORP., BASIC CAPI-
TAL CORP., SLAYTON EQUITIES CORP.,
LOUIS AND YRMA RATENER, AND
UNKNOWN OWNERS, Defendants

Civil No. 68-1962(c)

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

June 8, 1964

561

ALMERIC L. CHRISTIAN, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

WARREN H. YOUNG, ESQ. (YOUNG and ISHERWOOD), Christiansted, St. Croix, Virgin Islands, *for defendants*

STALEY, *Circuit Judge**

 This is a condemnation proceeding in which the plaintiff, Virgin Islands Housing Authority, has filed objections to the report of the commission appointed under 28 V.I.C. § 418 to determine the issue of just compensation for the condemned property. Section 418(d) provides that review of the report of the commission shall be governed by Rule 53(e)(II) of the Federal Rules of Civil Procedure. Thus, the findings of fact of the commission must be accepted by this court unless clearly erroneous. The parties have stipulated that the cause shall be submitted to the court upon the pleadings, the transcript of testimony taken before the commission, and supporting memoranda.[1]

In its memorandum the plaintiff asserts three evidentiary points of error in the proceedings before the commission: (1) the admission into evidence of sales of similar property which followed the notice of taking; (2) the refusal to consider the price paid by the defendant, Golden Rock Land Development Corporation, for the entire tract, of which the condemned property is a part; and (3) the admission into evidence of a contract of sale for a part of

* Judge of the District Court by assignment.
[1] The stipulation fails to mention the report of the commission, but since it is this report to which the plaintiff filed exceptions, the parties obviously intended to include it as a subject for the review of this court.

the condemned premises which preceded the notice of taking by more than six months.[2]

The record shows that the plaintiff filed this civil action on July 23, 1962, to acquire the property in question for the purpose of constructing and operating 200 units of safe and sanitary housing for persons of low income. Notices of taking were served on various defendants shortly thereafter. Following three days of hearings and several views of the premises, the commission filed its report on March 29, 1963. It recommended that the court award the defendant, Golden Rock Land Development Corporation, the sum of $177,969, including $12,950.75 for severance damages.[3] The record discloses that the appraisers for the plaintiff had assessed the total damages at $145,732, while the appraisers for the defendant set the damages at $195,173.32.

The report of the appraisers for the defendant, like that for the plaintiff, divided the condemned property into two parts for purposes of valuation. With respect to the more valuable portion, the defendant's valuation of $15,557 per acre was based on a consideration of three sales during the year 1962. One of these was dated August 20, 1962, or about one month after the notice of taking.[4] In appraising the second portion of the property at $8,323 per acre, the defendant's appraisers considered nine sales during 1962. Three of these followed the notice of taking and were

[2] In its original objections to the report of the commission, the plaintiff asserted a fourth point of error, i.e., "that other matters, improper, irrelavant and prejudicial were admitted for consideration at the inquiry, and the said Findings and Report are clearly erroneous." The plaintiff failed to particularize this charge, and has apparently abandoned it in this court. In any event, our examination of the record discloses no basis for it.

[3] Although there were several defendants named in the complaint filed by the plaintiff, the record discloses that only this defendant had the proprietary interest in the premises. Indeed, an order has already been entered by this court disbursing a portion of the funds deposited by the plaintiff to this defendant alone.

[4] The defendant claims that one of the sales in this group was erroneously dated November 5, 1962, whereas the contract of sale was executed March 3, 1962, and the deed recorded November 5, 1962. Since the plaintiff has not filed a reply memorandum, we assume that this is true. In any event, because of our view of the case, the discrepancy is immaterial.

dated August 6, 1962, November 21, 1962, and November 29, 1962. It will thus be seen that the last of these sales occurred approximately four months after the notice of taking.

Before the commission, the plaintiff objected to the consideration of these sales as evidence of fair market value. However, the commission admitted them into evidence, and in its report determining just compensation stated:

"Plaintiff urges the commissioners to consider only sales and agreements made prior to notice of condemnation; the commissioners reject this argument and have considered sales made prior and subsequent to notice of condemnation for the reason that from the testimony of all the appraisers, plaintiff and defendant, market value in St. Croix is in a state of flux and is constantly changing depending on the need of buyer and seller. The commissioners regarded these sales, prior and subsequent to the notice, merely as a guide."

 In this court, the plaintiff, citing no case authority, asserts that the consideration of these sales constitutes reversible error. Sole reliance is placed on 28 V.I.C. § 419(6), which provides in relevant part:

"For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the notice, and its actual value at that date shall be the measure of compensation of all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected. * * *"

But this section cannot be so easily employed to resolve this issue. For though the actual value of the property at the date of the notice is decisive, the propriety of considering comparable sales subsequent to the notice as evidence of value on that date is another matter. The modern trend of the cases, particularly in the Federal courts,[5] is to admit such evidence, provided that the sales are not too remote in time from the notice of taking. United States v. 63.04 Acres of Land, 245 F.2d 140 (C.A.2,1957); Knollman

[5] 28 V.I.C. § 416(b) specifically provides that the procedure in actions for condemnation of property is governed by Rule 71A of the Federal Rules of Civil Procedure.

v. United States, 214 F.2d 106, 109 (C.A.6,1954); United States v. 3,595.98 Acres of Land, 212 F.Supp. 617 (N.D.Cal.,1962). See also, 85 A.L.R.2d 110, 152, 155–157 (1962); 5 Nichols on Eminent Domain § 21.31[2]. As we have already seen, the last of the sales challenged in the case at bar occurred only four months after the notice of taking, and the first only one month after that date. Of course, the government is not required to pay an increased amount based upon inflated values arising from the condemnation itself. Moreover, factors including the fluidity of the market must be taken into account. But these would appear more properly to be matters affecting the weight to be accorded this evidence, rather than factors which preclude its admissibility. This is particularly true when the finder of fact is a judge or commission sitting without a jury. These considerations are concisely summarized in United States v. 63.04 Acres of Land, 245 F.2d 140, 144 (C.A.2,1957):

"There is no absolute rule which precludes consideration of subsequent sales. The general rule is that evidence of 'similar sales in the vicinity made at or about the same time' is to be the basis for the valuation and evidence of all such sales should generally be admissible, United States v. 5139.5 Acres of Land, etc., 4 Cir., 1952, 200 F.2d 659, 662; 1 Orgel, Valuation Under Eminent Domain, § 139 (2d Ed. 1953), including subsequent sales. Cf. People ex rel. Horwitz v. Mitter, 1st Dept. 1944, 267 App. Div. 897, 47 N.Y.S. 2d 168; People ex rel. Four Park Ave. Corp. v. Lilly, 1st Dept. 1942, 265 App. Div. 68, 37 N.Y.S. 2d 733, 737–738. The generality of this rule is limited, however, by the consideration that a condemnation itself may increase prices and the government should not have to pay for such artificially inflated prices. See International Paper Co. v. United States, 5 Cir. 1955, 227 F.2d 201. But that possibility does not produce a hard and fast exclusionary rule. In every case it is a question of judgment as to the extent of this danger and, particularly where a judge is sitting without a jury, it would seem the better practice to admit the evidence and then to weigh it having due regard for the danger of artificial inflation."

We conclude therefore that the commission did not err in law in admitting these sales into evidence. Further, the report of the commission indicates that due consideration was given to the circumstances attending the sales.

██ Over the objection of his counsel, the sole owner of Golden Rock Land Development Corporation testified on cross examination that he paid $1600 per acre for the 200 acre tract, of which the condemned premises are a part, when he contracted to purchase it in 1957. While admitting this testimony into evidence, the commission stated in its report:

> "Plaintiff urges the commissioners to consider the original purchase paid by defendant for the premises; the commissioners reject this argument for the reason that the sale is too remote and does not take into consideration the work and effort of defendant to develop the area and change its status from farm to commercial, and the changing times and growth of the community."

The witness testified that he had spent $500,000 to improve the tract, and the reports of the appraisers for both parties make it abundantly clear that there is a rapidly rising real estate market in St. Croix. Though this court has recently noted that in certain circumstances great weight will be given to the price paid by a defendant for property subsequently condemned, Government of the Virgin Islands v. 50.05 Acres of Land, 4 V.I. 239, 190 F.Supp. 543 (D.C.V.I., 1961), we cannot say that the commission erred in failing to attach significance to the price paid by the defendant in the circumstances of this case.

██ The plaintiff also challenges the admissibility of a contract of sale for a portion of the condemned property. The contract was executed on January 10, 1962, more than six months prior to the notice of taking. The argument is that the contract "being purely executory, and its status being in grave question, it was at best an offer to purchase and hence inadmissible on the question of value." But

some twenty years ago the Court of Appeals for this Circuit held that the executory nature of a valid contract of sale which precedes the notice of taking is no impediment to its admissibility into evidence. United States v. Certain Parcels of Land in City of Philadelphia, 144 F.2d 626 (C.A.3,1944). With regard to the bona fide character of the contract in the case at bar, the commission stated:

> "The commissioners have decided to accept the Raetner Sales and Purchase agreement for the reason that although plaintiff intimate [sic] that the agreements were made with the intention of raising land values, he did not sustain his burden and the commissioners are satisfied that the sales agreement was entered into in good faith."

In this setting, the cogent observation of this Circuit in *City of Philadelphia* seems particularly appropriate:

> "* * * It is true that the contract had not been consummated and that, as argued by the government, reception of such evidence makes it possible for a landowner, learning that condemnation of his property is likely, to enter into a collusive agreement of sale so as to manufacture evidence in support of an exorbitant claim. This danger is not to be minimized, particularly in view of the difficulty which might well be entailed in proving such collusion. Yet evidence of a bona fide sale, otherwise relevant, should not be excluded because of the possibility that some landowner might conspire with another to defraud the government by manufacturing collusive evidence. Such objections go to the weight of such evidence rather than to its admissibility, and the trial affords opportunity, both by cross-examination and comment to the jury, to bring such evidence to its proper perspective for the jury's consideration. The penalties of the criminal law also will afford a deterrent to such persons without depriving others of significant evidence of the value of their property in condemnation proceedings." 144 F.2d at 630.

Thus, such contracts must be carefully scrutinized by the trier of fact. But here the commission made a considered finding that the contract was executed in good faith.[6] That

---

[6] It might be noted in passing that the commissioners refused to accept the defendant's evidence of a joint venture relating to the condemned property "for the reason that the profits to be received by [defendant] is nebulous and speculative and bears no direct relationship to the value of the land."

finding must be accepted by this court since it is not clearly erroneous.

The report of the commission is adopted, and judgment will be entered for the defendant, Golden Rock Land Development Corporation, in the amount of $177,969. The record discloses that this amount has been paid into the registry of this court by the plaintiff and that a portion of it has already been disbursed to the defendant. Counsel will therefore submit to this court a proposed final judgment consistent with this opinion and satisfactory in form to all parties.