VIRGIN ISLANDS HOUSING AND URBAN RENEWAL
AUTHORITY, Plaintiff

v.

19.0976 ACRES OF LAND IN ST. THOMAS, VIRGIN ISLANDS,
MARIA ELMIRA LOCKHART, ALFRED H. LOCKHART,
DOROTHY LOCKHART ELSKOE, RAYMOND S. LOCKHART,
et al., Defendants

Civil No. 110-1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

April 17, 1959

*See, also, 172 F. Supp. 333*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for defendants Maria Elmira Lockhart, Alfred H. Lockhart, Dorothy Lockhart Elskoe and Raymond S. Lockhart*

DAVID E. MAAS, ESQ., *for defendant Virgin Islands National Bank*

MARIS, *Circuit Judge*

The owners of the land involved in this condemnation proceeding and the Virgin Islands National Bank, a mortgagee, have petitioned the court for an award of counsel fees.

5 V.I.C. § 541(b) authorizes the court to allow attorney's fees to the prevailing party in a civil action and 5 V.I.C. § 546 provides that "In all actions prosecuted or defended in the name and for the use of any public corporation in the Virgin Islands, the public corporation shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons." By the express terms of 29 V.I.C. § 31(a) the plaintiff, the Virgin Islands Housing and Urban Renewal Authority, is a "public body corporate and politic", in other words, a public corporation.

17

It is, therefore, liable for costs in like manner as in the case of a natural person. Whether costs could be awarded against the Government in a condemnation proceeding instituted directly by it is not before me and I do not pass upon that question.

■■ Under 5 V.I.C. § 541(b) a party who prevails in a civil action may be allowed his counsel fees as costs and under 5 V.I.C. § 542 he may recover them from the other party. It is clear that a condemnation proceeding is a civil action and that the procedure in civil actions is applicable to such proceedings unless otherwise expressly provided. Rule 71A(a), Federal Rules of Civil Procedure, 5 V.I.C. App. I, 28 U.S.C. App. § 2072.

■ It is conceded that the award of compensation made by the court to the defendant owners for the property taken exceeded the amount originally offered by the plaintiff. Accordingly, these defendants may certainly be said to have prevailed in their claim for compensation for the property taken. New Haven & Northampton Company v. Inhabitants of Northampton, 1869, 102 Mass. 116. Indeed, in the case cited the Supreme Judicial Court of Massachusetts held that one of the landowners in a condemnation proceeding who recovered damages which were less than those previously estimated by the public authorities was, nonetheless, a prevailing party entitled to recover costs. As to another landowner who in the same condemnation proceeding recovered damages greater in amount than those previously estimated the court said that he "was still more clearly the prevailing party, and was rightly held by the superior court to be entitled to the costs." I, therefore, conclude that I have power in this proceeding to allow attorney's fees to the defendant owners.

■ With respect to the application of the Virgin Islands National Bank for attorney's fees it need only be said that its claim as mortgagee was not contested in this proceed-

18

ing but was settled by agreement of the parties. No issue as to the validity or amount of its claim was raised, litigated or decided and no judgment was entered in its favor. It cannot, therefore, be regarded as a prevailing party in this litigation. Accordingly, I have no power to award it attorney's fees to be paid by the plaintiff and its application will be denied.

Since I conclude that it is in the interest of justice in this case to award attorney's fees to the defendant owners an order will be entered awarding the sum of $1,000 which I find to be a reasonable fee, taking into account the amount involved and the service rendered.