GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

APPROXIMATELY 3.4 ACRES OF LAND LOCATED AT PARCELS NO. 4-2 and 4-3 ESTATE ENSOMHED (HULL), ST. THOMAS, VIRGIN ISLANDS, ROBERT J. ARMOUR and JAMES ARMOUR d/b/a ARMOUR ENTERPRISES, et al., Defendants

Civil No. 74-497

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 29, 1975

**CHRISTIAN,** *Chief Judge*

### MEMORANDUM AND ORDER

In this condemnation action, defendants have submitted a motion to reconsider that portion of the judgment of this Court entered on November 10, 1975 denying attorney's fees and providing for interest on the judgment at the rate of 6 percent until payment has been made in full.

The question of attorney's fees is a difficult one. In Virgin Islands Housing and Urban Renewal Authority v. 19. 0976 Acres of Land, Etc., 4 V.I. 16, 172 F.Supp. 333 (D.V.I. 1959) (hereafter, 19.0976 Acres), Judge Maris, sitting as a district judge, held that attorney's fees were recoverable in a condemnation case against the Virgin Islands Housing and Urban Renewal Authority. Judge Maris reasoned that a condemnation proceeding is a civil action, and therefore 5 V.I.C. §§ 541(b) and 542, when read together, allow a prevailing party in a condemnation

case to recover counsel fees from the other party. Defendants urge that the rule in that case be applied here, where the Government of the Virgin Islands is the condemnor. (But compare Fidalgo Island Packing Company v. Phillips, 147 F.Supp. 883 (D. Alaska 1957).)[1]

A review of the legislative history of 5 V.I.C. § 541 indicates that the provision is directly connected with Rule 54(d) of the Federal Rules of Civil Procedure, which provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .

According to the Legislative history, Rule 54(d)

specifies when costs are allowed, and the procedure for taxing them, but it does not provide what items are included in costs. 28 U.S.C. §§ 1911–1929, which cover the latter subject, are not applicable to the district court of the Virgin Islands under 28 U.S.C. § 451. Therefore, it appears that local provisions, such as the present section, are needed to determine what costs shall be allowed.

In short, 5 V.I.C. § 541 was enacted to fill a gap left open by Rule 54(d) and 28 U.S.C. §§ 1911–1929.

██ Rule 54(d) is made inapplicable to condemnation proceedings by Rule 71A(L) of the Federal Rules of Civil Procedure. The rationale behind Rule 71A(L) is that since "[t]he government is almost invariably the prevailing party, . . . it would be inequitable to permit it to tax its costs against the property owner." Wright and Miller, 12 Federal Practice and Procedure, § 3056 at 158. Since Rule 71A(L) makes Rule 54(d) inapplicable to condemnation

---

[1] The Alaska statute provided:
 The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney's fees in maintaining the action or defense thereto, which allowances are termed costs.
 Id., at 886. The district court held that despite this general provision when a sovereign state is involved in a suit, its liability for interest or costs must be specifically set forth in a statute. Id.

cases, and because 5 V.I.C. § 541 was enacted only for the purpose of supplementing Rule 54(d) (and 28 U.S.C. §§ 1911–1929), it follows that 5 V.I.C. § 541 is also not applicable to condemnation cases.[2]

Because I do not believe that 5 V.I.C. §§ 541 and 542 are applicable to condemnation proceedings, I must determine whether any other sections of the Virgin Islands Code provide for an award of counsel fees in such cases. My review of the Code establishes that no other sections so provide.

■ In the absence of a controlling Virgin Islands Statute, I must turn to the common law for guidance. According to one eminent authority, the common law rule is that costs are not allowable in condemnation cases. See Nichols, 1 Eminent Domain, § 4.109 at 4-132 (hereafter, Nichols); Annot., Attorney's Fees as Within Statute Imposing Upon Condemnor Liability for "Expenses," "Costs," and the Like, 26 A.L.R. 1295, 1296 (hereafter, Annot.). Indeed, such an item of expense can only be awarded if special statutes, made expressly applicable to eminent domain proceedings, so provide. See Nichols, supra, at 4-130; Annot., supra, at 1296. Moreover, even where special statutes do permit "costs" to be taxed in condemnation cases, that term is ordinarily not understood to include counsel fees. See Nichols, supra, at 4-135; Annot., supra, at 1296.

These rules also obtain when a state or the United States is the condemnor. In such situations, the governmental body is not liable for costs except pursuant to statute. See Nichols, supra, p. 2, § 8.64 at 195; United States v. 23.94

---

[2] While a different conclusion is suggested by 19.0976 Acres, supra, p. 1, that case is distinguishable on the ground that "a public body corporate" rather than the Government of the Virgin Islands was the condemnor. See id., at 18 (question whether "costs could be awarded against the Government in a condemnation proceeding instituted directly by it" expressly left open). See also Government of the Virgin Islands v. 50.05 Acres of Land, Etc., 4 V.I. 239, 190 F.Supp. 543, 546 (D.V.I. 1961), where Judge Hastie, sitting as a district judge, did not extend the rule of 19.0976 Acres automatically, where the Government of the Virgin Islands was the condemnor, but left the issue open for debate.

Acres of Land, 325 F.Supp. 330 (W.D. Va. 1970). The rule is succinctly stated in the following excerpts:

It has been held that the acquisition of property by eminent domain does not involve a taking of the legal services which are needed in order to establish the claim for compensation. Unless provision is made therefor by statute claimant is not entitled to reimbursement either for loss of time consumed in prosecuting his claim or for counsel fees. Attorney's fees are not generally considered payable under statutory provisions for costs, expenses or just compensation.

Nichols, supra, § 14.249(4) at 14-373-74. See Dohany v. Rogers, 281 U.S. 362 (1930); United States v. 15.3 Acres of Land, 158 F. 122 (M.D. Pa. 1957); United States v. 254.35 Acres of Land, Etc., 46 F.Supp. 913 (W.D. La. 1942).

In accordance with general principles of law under which a sovereign is exempt from payment of costs, neither a state nor the United States is liable for costs when it seeks to take land by eminent domain, unless such liability is expressly created by statute.

Nichols, supra, p. 2, § 4.109 at 4-135. See United States v. Gila River Pima-Maricopa Indian Community, 391 F.2d 53 (9th Cir. 1968); United States v. 251.81 Acres of Land, Etc., 50 F.Supp. 81 (W.D. Ky. 1943); United States v. 254 Acres of Land, Etc., 46 F.Supp. 913 (W.D. La. 1942); State v. Efem Warehouse, 295 P.2d 1101 (Ore. 1956). See also In re Kling, 249 A.2d 552 (Pa. 1969); In re Canada Realty Co., 9 A.2d 305 (N.J. 1939).

My own review of recent state and federal cases has not uncovered a single instance in which attorney's fees were awarded against a governmental condemnor in the absence of specific statutory authorization expressly applicable to condemnation proceedings. See, e.g., Stewart & Grindle Inc. v. State, 524 P.2d 1242 (Alaska, 1974); State, By and Through State Highway Commission v. Stockhoff, 524 P.2d 1240 (Ore. App. 1974); State v. Carter, 221 N.W.2d 106 (Minn. 1974) (jury award to condemnee was in excess

of both initial amount offered by plaintiff condemnor and amount awarded by condemnation commissioners; attorney's fees not awarded). See also Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency, 389 F.Supp. 486 (N.D. Cal. 1975). Simply put, "the overwhelming majority of courts in this country has held that attorney's fees are not an element of just compensation." State v. Carter, 221 N.W.2d 106, 107 (Minn. 1974), citing, inter alia, State v. Holder, 295 N.E.2d 799 (Ind. 1973); 9.88 Acres of Land v. State, 274 A.2d 139 (Del. 1972); State v. Davis, 499 P.2d 663 (Haw. 1972). Defendants have not called this Court's attention to any cases refuting this conclusion. I am therefore of the opinion that since this jurisdiction lacks a specific statute authorizing the taxation of attorney's fees and costs against the Government in condemnation cases, none can be awarded here. That attorney's fees may have been awarded against the Government in the past does not alter this conclusion.

Even if counsel fees are awardable under 5 V.I.C. §§ 541 and 542, I do not favor granting such fees in this case. My reasons are set forth below.

In 19.0976 Acres, Judge Maris suggested that a party "prevails" in a condemnation case when "the award of compensation made by the court to the defendant owners for the property taken exceeded the amount originally offered by the plaintiff." Id., at 18. Cited in support of this proposition is a Massachusetts case, New Haven and Northampton County v. Inhabitants of Northampton, 102 Mass. 116 (1869). Insofar as this decision establishes a standard for determining who has prevailed in a condemnation action, I do not favor it; while admittedly it is a rule followed in some jurisdictions, it does not take into account the fact that in almost all cases the condemnee is successful in securing an award of compensation somewhat greater than that proffered by the condemnor. I be-

lieve I have the discretion to determine, on a case-by-case basis, which party has prevailed in light of the actual award of compensation made by the Court in relation to the amounts initially urged by both sides at trial.

 Even if I were to extend the logic of Judge Maris' opinion to this case, I would not be bound to award attorney's fees against the Government. While under 19.0976 Acres I would be required to designate the defendants the prevailing parties, since the award of compensation ($562,887.00) exceeded the amount proffered by the Government as just compensation ($340,000.00), I would still have the discretion to deny an award of counsel fees. As Judge Maris noted, a finding that one side has prevailed merely gives the Court "power . . . to allow attorney's fees." Id., at 18. Indeed, as the Third Circuit, in the context of a taxpayers' suit, has stated, 5 V.I.C. § 541

makes it a matter of judicial discretion *whether* and to what extent the losing party shall indemnify the winner for attorney's fees. On occasion, the district court, exercising that discretion, has refused to make any award for attorney's fees. Daly v. Kier, 1952, 2 V.I. 227, 228; Stoner v. Bellows, 1951, 2 V.I. 172, 187.

Smith v. Government of the Virgin Islands, 6 V.I. 536, 361, F.2d 469 (3d Cir. 1966) (emphasis added). The Third Circuit, by the above language, has thus interpreted 5 V.I.C. § 541(b) as leaving to judicial discretion the decision whether to award counsel fees *at all*, despite the seemingly mandatory language of the statute.

 This Court's exercise or non-exercise of the power to award counsel fees is reversible on appeal only in case of clear abuse of discretion. See Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 242, 411 F.2d 1205 (3d Cir. 1969). Here, as previously noted, the Government argued in favor of $340,000.00 as just compensation to the condemnee. The defendants argued in favor of $1,072,000.00. The final award made by this Court was $562,887.00.

While the Government's figure was $222,887.00 too low, defendant's figure was $509,113.00 too high. The Government's figure was more than twice as close to the actual award than defendant's figure. Therefore, even if, under 19.0976 Acres, defendants might be said to be the prevailing parties in this action, I believe an award of attorney's fees against the Government would be inappropriate.[3]

\* \* \*

■ As to defendants' contention that 9 percent rather than 6 percent is the proper interest rate on the judgment, I need only state that 28 V.I.C. § 421 specifically provides that judgments in condemnation cases

shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date payment...

This language would have been superfluous and redundant if 5 V.I.C. § 426 were considered controlling in condemnation proceedings as well as other civil proceedings. I conclude that the specific statute must control the general statute and therefore that 28 V.I.C. § 421 controls the rate of interest on judgments in condemnation cases and was not affected by the revision of 5 V.I.C. § 426, which increased the rate of interest on other civil judgments from 6 percent to 9 percent per annum.

■ Parenthetically, while it is entirely possible that the failure of the Legislature to increase the interest rate on judgments in condemnation cases at the time it increased the interest rate on other civil judgments was an oversight,

---

[3] Here, I bear in mind Judge Hastie's admonition in Government of the Virgin Islands v. 50.05 Acres of Land, Etc., supra, p. 472 at 545-46:

... the Court cannot be openhanded with the public purse. Rather, it must be guided by the admonition of our Court of Appeals that "compensation to be awarded must not only be just to the owner but it must be just to the public who is to pay for it." United States v. Delaware, Lackawanna & W.R. Co., 3 Cir., 1959, 264 F.2d 112, 117, certiorari denied, 361 U.S. 819, 80 S.Ct. 63, 4 L.Ed. 65.

this Court must leave to the Legislature the task of remedying the situation. Otherwise, this Court would be legislating—and, moreover, legislating in a circumstance in which the intent of the lawmakers could conceivably have been to maintain the status quo as to interest on judgments in condemnation cases.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that defendants' motion for reconsideration of the judgment be, and the same is hereby, DENIED.