LEONARD BAPTISTE, Appellee

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 75-1330

AUGUSTIN JAMES, Appellee

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 75-1744

BRENDAN CONROY, Appellee

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 75-1468

United States Court of Appeals

Third Circuit

Argued December 4, 1975

Filed January 9, 1976

IVE A. SWAN, ESQ. and VERNE A. HODGE, ESQ., Attorney General, Charlotte Amalie, St. Thomas, V.I., *for appellant*

DEREK M. HODGE, ESQ. (HODGE, SHEEN, FINCH & ROSS), Christiansted, St. Croix, V.I., *for appellee Baptiste*

JOSEPH L. COSTELLO, ESQ. (BRYANT, COSTELLO, BURKE & SCOTT), Christiansted, St. Croix, V.I., *for appellee James*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY) and JOHN E. STOUT, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for appellee Conroy*

Before ALDISERT, WEIS and GARTH, *Circuit Judges*

## OPINION OF THE COURT

WEIS, *Circuit Judge.*

The single question presented in these consolidated appeals is whether attorneys' fees may be allowed a plaintiff who is entitled to damages from the Government of the Virgin Islands under its Tort Claims Act, 33 V.I.C. § 3408. We agree with the district court's conclusion that such an allowance is proper.

The cases arise out of three separate automobile accidents which resulted in suits against the Government under the Tort Claims Act. In each instance, after a non-jury trial, the court entered a judgment covering the standard

items of damage and, in addition, assessed counsel fees against the Government.[1]

█ Under the "American Rule," ordinarily counsel fees are not awarded to the successful litigant in a civil suit absent statutory authority. Alyeska Pipe Line Service Co. v. Wilderness Society, 421 U.S. 240 (1975). The Virgin Islands, however, has not followed this policy but, by statute, has provided that attorneys' fees may be granted as costs, 5 V.I.C. § 541.[2] The authority to award fees is a matter of judicial discretion and its application is not limited to private litigants but extends to the Government as well. Collins v. Government of Virgin Islands, 366 F.2d 279 (3d Cir. 1966), cert. denied, 386 U.S. 958 (1967); Smith v. Government of Virgin Islands, 361 F.2d 469 (3d Cir. 1966). Discretion includes the option of fixing reasonable fees or disallowing them in their entirety.

This modified "English Rule" had been in effect in the Virgin Islands for some years before 1971 when the Tort Claims Act was enacted by the legislature.[3] The Act states in part:

---

[1] Baptiste was injured in the collision on October 19, 1971 when his taxi was struck by a government vehicle on St. Croix. He received damages of $7,820 and attorneys' fees of $1,000.00.
  . Conroy suffered personal injuries and property damage in a collision on October 20, 1971 on St. Thomas. He was awarded damages of $16,062.00 and attorney fees of $2,500.00.
  James was injured in an accident on October 12, 1971 on St. Croix. He received damages of $6,483.20 and attorneys' fees of $2,000.00.

[2] The statute reads as follows:
  "Costs defined
  (a) Costs which may be allowed in a civil action include:
    (1) Fees of officers, witnesses, and jurors;
    (2) Necessary expenses of taking depositions . . .;
    (3) Expenses of publication of the summons . . .;
    (4) Compensation of a master . . .;
    (5) Necessary expense of copying any public record . . .; and
    (6) Attorney's fees as provided in subsection (b) of this section.
  (b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto."

[3] Until 1971, tort claims against the Government had been permitted in specific instances by special legislation. That practice was invalidated by the

"The Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have this liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals or corporations . . . ."

■ It is clear that, if the defendant here had been an individual or corporation, the award of counsel fees would be proper. The Government's contention is that the Tort Claims Act should be strictly construed and, since it does not refer to counsel fees, the authority to award them cannot be implied. Further, in arguing that not all distinctions between it and private defendants have been eliminated, the Government enumerates certain requirements of the Tort Claims Act which do not apply in the usual negligence suit. For example, the injured party must file a claim with the Government within a limited time; the trial must be non-jury; and a judgment may not exceed $25,000.00.

But we think this argument cuts more sharply the other way because, in each instance where the suit against the Government differs from that against the private entity, the restriction appears in the statute. If the legislature had wished to exclude attorneys' fees or any other item of court costs, it could easily have done so.

Moreover, we must assume that the legislature was aware of our opinion in Collins v. Government of Virgin Islands, supra, indicating that counsel fees could be awarded against the Government in a tort action. In that

district court in Thomas v. Government of Virgin Islands, 333 F.Supp. 961 (D.V.I. 1971). It was in response to Thomas that the Tort Claims Act was enacted. See Silverlight v. Huggins, 488 F.2d 107 (3d Cir. 1973).

610

case Collins was permitted to file his suit by virtue of a special act which provided, inter alia:

"[T]he immunity of the Government to suit is hereby waived and Harvey B. Collins may proceed against the Government as in the case of any other defendant, subject to the same procedures and defenses except for the defense of immunity from suit . . . ."

■ The only limitation upon the amount of a judgment which can be awarded appears in 33 V.I.C. § 3411(c): "No judgment shall be awarded against the Government of the Virgin Islands in excess of $25,000.00." That provision argues in favor of the allowance of attorneys' fees because 5 V.I.C. § 543(a), which was in effect for years before enactment of the Tort Claims Act, provides that: "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." Thus, reading the statutory provisions together: attorneys' fees are costs; costs are included in the judgment; but the total judgment cannot exceed $25,000.00.

The amount of counsel fees assessed has not been questioned and, consequently, we need not inquire into the standards utilized in fixing the awards. Cf. Estien v. Christian, 507 F.2d 61, 64 (3d Cir. 1975).

The judgment of the district court will be affirmed.