**DOROTHY J. RICHARDS, Appellee**

**v.**

**THE GOVERNMENT OF THE VIRGIN ISLANDS; ALPHONSO CHRISTIAN, Commissioner of Public Safety; RAYMOND CHESTERFIELD and LEON LENHARDT, GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**

No. 77-1363

United States Court of Appeals

Third Circuit

Argued December 7, 1977

Filed July 5, 1978

IVE ARLINGTON SWAN, ESQ., Assistant Attorney General (Dept. of Law), St. Thomas, V.I., *for appellant*

GREGORY D. BALL, ESQ., Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before ADAMS, ROSENN and HUNTER, *Circuit Judges*

OPINION

HUNTER, *Circuit Judge*

This appeal arises from a claim against the Government of the Virgin Islands and individual defendants for the death of Kent Richards.[1] The Government challenges the award of costs and counsel fees in addition to the maximum amount of $25,000 damages permitted by the statutory waiver of sovereign immunity for tort claims. Appellant also argues that the district court erred in refusing to deduct from the judgment the amount of payments received by plaintiff from the Criminal Victims' Compensation Commission.

Richards and a friend were walking beside a road near the police station in Charlotte Amalie, St. Thomas, and were passed by Leon Lenhardt, a police officer of the Virgin Islands Department of Public Safety. Lenhardt was off

---

[1] In a connected appeal, No. 77-1362, plaintiff challenged the summary judgment entered in favor of defendant Alphonso Christian, the Virgin Islands Commissioner of Public Safety. By an order filed January 10, 1978, we found that plaintiff's notice of appeal had not been timely filed. We remanded the matter so that the district court might consider a motion to extend the time for filing of the notice of appeal because of excusable neglect, F.R. App. P. 4(a). See Torockio v. Chamberlain Mfg. Co., 456 F.2d 1084 (3d Cir. 1972) (en banc). Such a motion was filed in the district court on February 1, 1978. As of the time of the filing of this opinion, no disposition has been made on this motion.

Plaintiff's suit was dismissed below as to defendants Raymond Chesterfield and Leon Lenhardt.

34

duty and driving his private car. The pedestrians and Lenhardt exchanged some words, causing Richards to run up to Lenhardt's car. The evidence was in conflict over whether Richards merely spoke to Lenhardt or whether he threatened the policeman with his fists. During the altercation Lenhardt, still in his car, drew his police revolver and shot Richards in the head. Richards died from the wound. The court found that there was no justification for Lenhardt's use of deadly force.

Dorothy Richards, wife of the decedent, brought suit against the Government, alleging that it had negligently entrusted Lenhardt with a firearm when it knew that he had a propensity for abusing his authority. Plaintiff produced evidence of several incidents in which Lenhardt allegedly had abused his official position, demonstrated poor judgment, and misused his revolver. One of the incidents involved a charge filed by the policeman's wife that he had pointed his loaded revolver at her and threatened to kill her. A police department administrative investigation found the charge to be well-founded, but the matter was dropped when the complaint was withdrawn. A second incident occurred when Lenhardt allegedly drew his weapon while off duty, pointed it at a superior officer who was on duty, and threatened to take the superior's life. Lenhardt was exonerated as to the more serious charge of threatening the officer's life, but was found guilty of conduct unbecoming an officer. The district court concluded that this "alleged instance of misconduct, taken together with other untoward exhibitions by the officer, was certainly enough to have put the government on notice that there they were dealing with a man whose fitness for the job of a police officer required to be constantly armed had been called into question."

The court found the government liable to plaintiff for negligently entrusting a deadly weapon to Lenhardt. It

found support for this theory of liability in the Restatement (Second) of Agency § 219(2)(b) (1958).[2] The court assessed damages at $25,000, the maximum recovery permitted against the Government of the Virgin Islands by the statutory waiver of sovereign immunity for tort actions. 33 V.I.C. § 3411(c). In addition, the court taxed costs against the government in the amount of $37 and awarded plaintiff an attorney's fee of $3,000, see 5 V.I.C. § 541. The court also granted plaintiff's motion to award the judgment as a sum certain, not subject to setoffs or deductions on account of a payment of $10,000 made to plaintiff under the Virgin Islands Criminal Victims Compensation Act, 34 V.I.C. §§ 151–177.

■ The Government of the Virgin Islands does not appeal the finding of liability, but challenges two aspects of the damage award. First, the government objects to the award of costs and attorney's fees in addition to a damage award of $25,000. In a case brought under the general territorial jurisdiction of District Court of the Virgin Islands,[3] costs and counsel fees may not be charged against

---

[2] § 219. *When Master is Liable for Torts of His Servants*

. . .
 (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
. . .
 (b) the master was negligent or reckless . . . .
 The court also relied on the analogous provision in the Restatement (Second) of Torts § 303 (1965):
 § 303. *Acts Intended or Likely so to Affect the Conduct of the Other, a Third Person, or an Animal as to Involve Unreasonable Risk*
 An act is negligent if the actor intends it to affect, or realizes or should realize that it is likely to affect, the conduct of another, a third person, or an animal in such a manner as to create an unreasonable risk of harm to the other.
 (The text of the opinion contains a typographical error which indicates "section 330" of the Restatement. The context of the citation leads us to believe that the court most likely intended to refer to section 303.)
 The Restatements are to be used as the rules of decision in the Virgin Islands, absent contrary local law or statute. 1 V.I.C. § 4; see Skeoch v. Ottley, 377 F.2d 804, 810 (3d Cir. 1967).

[3] Plaintiff's complaint limits its jurisdictional allegation to 5 V.I.C. § 76 (wrongful death actions). See 4 V.I.C. § 32 (general jurisdictional provision).

36

the government without an express waiver of sovereign immunity. Cf. Fairmont Creamery Co. v. Minnesota, 275 U.S. 70, 73–74 (1927) (absent waiver, sovereign immunity bars award of costs against state in state court action); Skehan v. Board of Trustees, 538 F.2d 53, 58 (3d Cir.) (en banc), cert. denied, 429 U.S. 979 (1976). The legislature has provided a general waiver of immunity covering cases such as plaintiff's in the 1971 Virgin Islands Tort Claims Act, 33 V.I.C. § 3408.[4] We have held that this statute also waives immunity from an award of costs and attorney's fees. Baptiste v. Government of the Virgin Islands, 12 V.I. 607, 529 F.2d 100 (3d Cir. 1976). See also Collins v. Government of the Virgin Islands, 366 F.2d 279, 286 (3d Cir. 1966) (under waiver of immunity by passage of special act), cert. denied, 386 U.S. 958 (1967).

■ The legislature, however, has placed a monetary limitation on its waiver of immunity. Section 3411(c) of title 33 provides:

No judgment shall be awarded against the Government of the Virgin Islands in excess of $25,000.

We have previously addressed the question of whether the total award of damages, costs and counsel fees may exceed this statutory limit. See Baptiste v. Government of the Virgin Islands, supra, 12 V.I. at 610, 529 F.2d at 102–03:

The only limitation upon the amount of a judgment which can be awarded appears in 33 V.I.C. § 3411(c) . . . . That provision ar-

---

[4] Section 3408 provides:

The Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have this liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

gues in favor of the allowance of attorneys' fees because 5 V.I.C. § 543(a), which was in effect for years before enactment of the Tort Claims Act, provides that: "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." Thus, reading the statutory provisions together: attorneys' fees are costs; costs are included in the judgment; but the total judgment cannot exceed $25,000.00.

Although this observation was dicta in Baptiste, we believe that it correctly states the reasoning to be applied to this case.[5] We therefore hold that the district court erred in awarding damages, costs and attorney's fees in excess of $25,000. Such an award exceeds the government's waiver of immunity.

 Plaintiff has argued that the analysis in Baptiste is erroneous in light of F.R. Civ. P. 58, which provides in part that the "[e]ntry of judgment should not be delayed for the taxing of costs." Plaintiff reasons that the word "judgment" in the Tort Claims Act cannot include costs, including attorney's fees. While Rule 58 states the appropriate procedure for the entry of judgment and the taxing of costs in the Virgin Islands, see, Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580 (3d Cir. 1960), we do not believe that the Rule affects this court's analysis of the legislature's intent in passing the limited waiver of immunity. Baptiste interpreted the meaning of the word "judgment" as used in the Virgin Islands Code. This interpretation is compatible with the operation of Rule 58. If the damage award against the government is $25,000, the court may not award plaintiff additional costs or attorney's fees. If the damages are less than the statutory

---

[5] The legislative history of the 1971 Virgin Islands Tort Claims Act is inconclusive as to whether costs may be awarded in addition to the statutory maximum judgment of $25,000.

The Act was patterned after the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–80 (1970 & Supp. V 1975), which does not have an analogous limitation on the amount of a judgment. Also, the federal act, unlike the Virgin Islands statute, contains an explicit waiver of immunity for costs, not including attorneys fees. Id. § 2412.

maximum, the court has discretion to award costs including counsel fees, and the entry of judgment should not be delayed for the taxing of those costs.

The government's second contention is that the court erred in making the award of damages a sum certain, not subject to setoffs or deductions. Mrs. Richards had been awarded $10,000 under the Virgin Islands Criminal Victims Compensation Act as a result of the death of her husband. The statute requires that awards be repaid to the government under certain limited circumstances in which the recipient has received compensation from other sources. One ground for repayment is when the victim receives a sum from the criminal offender or "from any person on behalf of the offender." 34 V.I.C. § 169.[6] The government contends that the $25,000 damages award in this case constitutes a payment "on behalf of" Lenhardt. It therefore seeks to set off against the judgment the $10,000 compensation award.

Our interpretation of the Compensation Act is guided by legislature's direction that the statute "shall be liberally construed to effect its purposes." 34 V.I.C. § 151. Remedial legislation is traditionally construed broadly, with exceptions construed narrowly. See Tcherepnin v. Knight, 389 U.S. 332, 336 (1967); National Automatic Laundry and Cleaning Council v. Schultz, 443 F.2d 689, 706 (D.C. Cir. 1971).

■ Plaintiff argues that the government is not a "person" under section 169, and thus that payment of damages by the government is not payment "from any person" under the Act. She points out that the Virgin Islands Code,

---

[6] The statute provides:

Any applicant who has received payments on an award made by the Commission under this chapter shall pay to the Commission all sums, not to exceed the amount of such payment, which, after the payment on the award, have been received by the applicant from the offender, from any person on behalf of the offender, or from any payments under any insurance policy, other than a life policy, for the personal injury or death for which the award was made under this chapter.

unless the context requires otherwise, does not define "person" as including the government. 1 V.I.C. § 41. We do not decide this question, since we hold that the payment of damages by the government as a result of this suit is not a payment "on behalf of" Lenhardt. The government was held liable for its own negligence in entrusting a revolver to a person who it should have known was unfit to carry a weapon. Payment of the judgment compensates plaintiff for the government's own negligence and cannot be considered a payment on behalf of the police officer. See generally Restatement (Second) of Agency § 219(2)(b) & comment e (1958); Restatement (Second) of Torts § 303, comments a, d (1965).[7] The district court was therefore correct in denying the government a setoff of $10,000.

The judgment of the district court will be vacated and the case remanded for entry of judgment consistent with this opinion.

---

[7] The Government has called to our attention only one case in support of its interpretation of section 169. In Gurley v. Massachusetts, 363 Mass. 595, 296 N.E.2d 477 (1973), the court held that an award under the Massachusetts Criminal Victim Compensation Act was subject to reduction for welfare payments received from the Commonwealth. The Massachusetts statute, unlike the Virgin Islands Act, explicitly provides for a reduction of benefits in the amount of any payment received from "public funds". Mass. Gen. Laws Ann. ch. 258A, § 6. Therefore, we do not believe that Gurley supports the Government's position.