**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**19.623 ACRES OF LAND, ETC., Appellant**

No. 78-2063

United States Court of Appeals

Third Circuit

Argued April 24, 1979

Filed July 17, 1979

JOHN B. NICHOLS, ESQ., Christiansted, St. Croix, V.I., *for appellant*

ELBERT G. BENNETT, ESQ., Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before ROSENN, MARIS and HUNTER, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

The Government of the Virgin Islands initiated this condemnation proceeding under the authority of 28 V.I.C. §§ 411–422 to acquire property of the appellant, Chas. H. Steffey, Inc. (herein Steffey), as well as other privately-owned land situated on St. Croix, for use in the construc-

tion of a public highway connecting Christiansted and Frederiksted, St. Croix. On June 9, 1978, in accordance with the terms of stipulations entered into by the government and the defendant landowners, the district court entered a final judgment awarding the government title to the properties in question.

Prior to the government's condemnation action, Steffey was the owner of Parcel No. 13, Vicorp Land Subdivision (Estate Bethlehem, New Works), approximately 28 acres of land zoned for light industry and situated in the area of the government's contemplated extension of the Christiansted-Frederiksted highway. In May 1975, the commissioner of the Department of Property and Procurement of the Virgin Islands offered Steffey for four portions of Parcel 13, namely, 13K (1.083 acres), 13L (0.174 acres), 13M (1.374 acres) and 13N (0.031 acres), $29,800.00, $4,800.00, $37,800.00 and $1,000.00 respectively, a total of $73,400.00 for the four properties which the government estimated to be just compensation for them.

Steffey responded with a proposal that he would accept $90,000.00 in immediate settlement for the properties in question provided that the government guaranteed access to the adjoining land that would remain in Steffey's possession. The government rejected Steffey's counteroffer and on June 12, 1975, brought the present action to acquire the Steffey properties, among others, by condemnation under its power of eminent domain. An amended complaint adding several interested parties to the list of defendants was filed on August 27, 1975.

On June 19, 1975, the government, pursuant to 28 V.I.C. § 421, filed a declaration of taking and deposited in the district court, to the use of the persons entitled thereto, money in the amount estimated by the government to be just compensation for the properties being taken. With re-

spect to the Steffey properties, the amount stated above totalling $73,400.00 was so deposited.

Steffey moved to vacate the declaration of taking asserting that the government had failed to comply with the procedures mandated under 28 V.I.C. § 435. Thereafter, in September 1975, Steffey and representatives of the government entered into a formal stipulation under which the government agreed to provide access to Steffey's remaining land, to estimate the damages, if any, resulting from the acquisition to the remaining land, for which the government was liable, and to appraise anew the Steffey land taken by condemnation and Steffey agreed to abandon its effort to vacate the government's declaration of taking. Steffey then was permitted to withdraw all but $1,000.00 of the $73,400.00 deposited in the court by the government as just compensation for the acquired Steffey land.

In October 1975, the government moved for the fixing of the time and terms for surrender of possession of the properties designated in the complaint for condemnation. In opposition, five of the condemnees, not including Steffey, moved for judicial review of the necessity for the taking. The government then filed a motion for judgment on the pleadings with respect to the validity of the taking of all of the properties described in the complaint.

On March 24, 1976, the district court rejected the challenge to the necessity for the taking but concluded that the taking was without legislative authority and that the landowners' right to due process had been violated. The court, accordingly, denied the government's motion for surrender of possession, entered judgment for the condemnees, dismissed the complaint without prejudice and ordered that the portions of the deposit released to the condemnees and the portion still held by the clerk be returned to the government.

The government appealed from the district court's judgment that it was without authority to take the land in question and that it had, in the taking, violated the due process rights of the landowners. Several of the condemnees cross-appealed from various other provisions of the district court's order. This court vacated the district court's order and remanded the case with instructions to the district court to enter an order for surrender of possession of the properties in question. 536 F.2d 566 (1976).

On remand the district court proceeded to appoint three independent appraisers as commissioners with the powers of a master as set forth in Rule 53(c) of the Federal Rules of Civil Procedure to determine the issue of compensation for the condemned properties and to submit their findings and report to the district court as provided in 28 V.I.C. § 418.

The commissioners found that the value of the Steffey property subject to the government's condemnation action —which now included two additional properties on which the government had impressed easements, namely, Parcels Nos. 13D (0.092 acres) and 13E (0.070 acres)—to be $27,075.00 for Parcel No. 13K, $4,350.00 for No. 13L, $34,350.00 for No. 13M, $775.00 for No. 13N, $690.00 for No. 13D and $525.00 for No. 13E, a total value of $67,765.00 for the severed land and the easements. However, the commissioners found, in addition, that Steffey's remaining land was damaged by the severance in the amount of $62,908.00 and that the total just compensation due Steffey for the acquisition was $131,000.00.

Steffey petitioned the district court for confirmation of the part of the commissioners' report relating to the valuation of the government's acquisition of its portions of Parcel 13 and for attorney fees and costs. The government stipulated to such confirmation by the court and the commissioners' findings pertaining to Parcel 13 were confirmed

by the district court on December 12, 1977, the court ordering that the government pay Steffey $57,600.00 together with interest, that sum being the difference between the $73,400.00 estimated by the government to be just compensation for the properties acquired from Steffey and, as such, deposited in the court, which amount had already been released to Steffey, and the figure reported by the commissioners and approved by the court as being the actual value of the acquisition. The district court reserved the question of Steffey's entitlement to costs and attorney fees until its entry of final judgment.

The government and Steffey thereafter entered into an agreement which was filed in the district court, Steffey agreeing to the conveyance to the government of Parcels No. 13P (0.128 acres) and No. 13W (2.252 acres), the value of which the commission had found to be totally lost by the severance, and both parties agreeing that the sum of $66,647.00 represented the government's total remaining liability to Steffey for the acquisition.

The district court's final judgment was entered on June 9, 1978. The court decreed that title to the condemned properties, consisting of Parcels Nos. 13K, 13L, 13M, 13N, 13D, 13E, 13P and 13W, was vested in the government, directed the government to pay the commissioners' fees for services rendered, and ordered the parties to bear their own costs and attorney fees. It is from the portion of this judgment denying the appellant costs and attorney fees that this appeal has been taken.

The district court held that costs are not allowable against the government in condemnation cases in the Virgin Islands citing its prior decision in Government v. 3.4 Acres of Land, 12 V.I. 469 (1975). That decision rested basically upon the court's conclusion that Rule 54(d) of the Federal

Rules of Civil Procedure, which provides for costs in civil cases, is not applicable to condemnation cases by virtue of Rule 71A(1) and that there is no other statutory or common law authority for the allowance of costs and attorney fees in such cases. It is the correctness of this decision which is the primary question before us upon this appeal.

■ We recognize at the outset that Rule 71A of the Federal Rules of Civil Procedure promulgated by the Supreme Court including its subdivision (1) is applicable to the procedure in condemnation cases in the Territory of the Virgin Islands. For the Federal Rules of Civil Procedure which govern the practice and procedure in civil cases including condemnation proceedings are expressly made applicable to the Virgin Islands by section 25 of the Revised Organic Act, 48 U.S.C.A. § 1615, and the legislature of the Virgin Islands recognized this in enacting its condemnation law, 28 V.I.C. ch. 19, when it provided in section 416 of that title that:

"(b) Except as provided in this chapter, the procedure in such actions is governed by Rule 71A of the Federal Rules of Civil Procedure."

■ A close reading of Rule 71A discloses that except for the provisions of subdivision (1) it makes no mention of costs in condemnation cases. It is also obvious that the language of subdivision (1), which does relate to costs, was carefully chosen. It states, "Costs are not subject to Rule 54(d)." It will first be noted that the rule does not say that costs shall not be allowed in such cases. On the contrary, it carefully refrains from doing so and instead clearly implies that there may be allowed costs. Its language is limited to the mandate that such costs, if any, are not to be subject to Rule 54(d). We conclude that subdivision (1) of Rule 71A must be construed to mean that such costs as may be allowable under other authority than

Rule 71A, if any such authority exists, shall not be subject to the limitations and restrictions of Rule 54(d).[1]

■ There would seem to be sound basis in logic for such a provision. Rule 54(d) provides that in civil cases costs shall be allowed as of course to the prevailing party unless otherwise directed by the court.[2] These provisions are clearly not well suited to condemnation cases in which the allowance of costs, if awardable at all, must be at the discretion of the court rather than as of course, particularly in view of the fact that the court will usually have to determine the identity of the party who may fairly and equitably be deemed the "prevailing party" for purposes of costs, a problem which does not arise in the ordinary civil case. See 1 Nichols' Law of Eminent Domain § 4.109 (1976).

When Rule 54(d) is stripped of its limitations and restrictions upon the allowance of costs, the basic thrust of the rule authorizing the allowance of costs remains. We think, therefore, that the effect of subdivision (1) of Rule 71A is not to deny any office to Rule 54(d) in condemnation cases and that the latter rule may be construed to grant basic authority to award costs in such cases. However, we must look further for provisions of law which specifically allow costs and describe the items to be in-

---

[1] The case of United States v. 23.94 Acres of Land, 325 F.Supp. 330 (W.D. Va. 1970), cited by the district court in Government v. Approximately 3.4 Acres of Land, 12 V.I. 469, 472–73 (1975), and similar cases are not controlling since they deal primarily with the effect of 28 U.S.C. § 2412 in this area and, while they refer to Rules 54(d) and 71A(1), they make no critical analysis of the effect of the language of the latter of these rules upon the former.

[2] "(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Rule 54(d) F.R.C.P. The provision with respect to costs against the United States, its officers and agencies is no longer applicable in view of the amendment of 28 U.S.C. § 2412 which has completely reversed the policy therein expressed with respect to such costs.

cluded as such in a Virgin Islands condemnation case. We turn then to the pertinent territorial law.

That law, we think is to be found in 5 V.I.C. § 541(a) which lists the costs which "may be allowed" in a civil action. That it was the legislative intent that this section should be construed as a grant of authority to allow costs in condemnation cases, as contemplated by Rule 71A(1) and basically authorized by Rule 54(d), would appear from section 415(c) of the Virgin Islands Condemnation Act, 28 V.I.C. ch. 19, which in three places refers to the payment of the "costs and expenses of the proceeding."

The primary object of section 415(c)[3] is to authorize the government to take immediate possession of the properties sought to be condemned by depositing with the court an amount to cover the final award. It is with regard to the final distribution of this deposited fund, whether upon the final award or in case no award is made or the proceeding is abandoned or in case the amount deposited is insufficient, that the references to the payment of the "costs

---

[3] Section 415(c) reads:

"(c) When it appears to the satisfaction of the court at any stage of proceedings that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, take possession of the property or any part thereof to the extent of the interest to be acquired, and may proceed with such use thereof or such works thereon or therewith as have been authorized by law, upon the deposit with the court of a sum to be fixed by the court upon a notice to the parties of not less than eight days and such sum when so fixed and paid shall be applied, so far as it may be necessary for that purpose, to the payment of any award that may be made, with interest thereon from the date of the entry of the petitioner upon such real property, and the costs and expenses of the proceeding, and the residue, if any, returned to the plaintiff, and, in case the petition should be dismissed, or no award should be made, or the proceedings should be abandoned by the plaintiff, the court shall direct that the money so deposited, so far as it may be necessary, shall be applied to the payment of any damages which the defendant may have sustained by such entry upon and use of his property, and his costs and expenses of the proceedings, such damages to be ascertained by the court, or a referee to be appointed for that purpose and if the sum so deposited shall be insufficient to pay such damages, and all costs and expenses awarded to the defendant, judgment shall be entered against the plaintiff for the deficiency, to be enforced and collected in the same manner as a judgment in the district court; and the possession of the property shall be restored to the defendant." 28 V.I.C. § 415(c).

and expenses of the proceeding" appear. The appellant argues that these references themselves amount to a positive grant of authority to award costs and expenses. We do not so read them but consider them as indicating a clear legislative understanding that costs and expenses may be awarded by the court under other authority. This can only be the general authority of Rule 54(d) and the specific discretionary power granted by 5 V.I.C. § 541(a). We find no provision in the territorial law or in the Federal Rules of Civil Procedure which specifically denies the allowance of costs in condemnation cases. On the contrary, as we have seen, 28 V.I.C. § 415(c) expressly contemplates the allowance of costs in such proceedings.

■ Both reason and authority dictate that costs should ordinarily be allowed to the prevailing party in civil litigation. See 10 Wright & Miller, Federal Practice and Procedure p. 142 (1973). As we have indicated, the determination of which party, if any, should fairly be regarded as prevailing may be a difficult problem in a condemnation case and may well depend upon the particular facts and circumstances as well as the issue actually litigated. Thus, if the issue is the government's right to take the property as was the case in an earlier stage of this proceeding and the government is successful in establishing that right, the government could well be regarded as the prevailing party. See 1 Nichols' Law of Eminent Domain § 4.132 (1976). But when, as here, the issue is the amount of just compensation to which the condemnee is entitled and where, as here also, the amount actually awarded by the court exceeds very substantially the amount of the government's original offer and deposit, it would seem not unreasonable to hold that the condemnee would be the prevailing party and, indeed, the district court so held in an earlier case.

Virgin Islands Housing, Etc. v. 19.0976 Acres of Land, Etc., 4 V.I. 16, 17, 172 F.Supp. 333, 334 (1959).[4] We conclude, accordingly, that it would not be unreasonable for the court in this case to hold that the appellant here is the prevailing party to whom costs against the government may be awarded.

One further point must be considered, namely, whether reasonable attorney fees may properly be allowed as part of the costs in the proceedings in the district court. In considering this question, we start with the proposition that for half a century and more attorney fees have been allowable by statute as an item of costs in civil actions in the Virgin Islands. See the municipal codes of 1920 and 1921, title III, chapter 50, section 1[5] and 5 V.I.C. 541(a)(6).[6] In this respect, as this court pointed out in Baptiste v. Government, 12 V.I. 607, 609, 529 F.2d 100, 102 (1976), the Virgin Islands have followed the English rule rather than that prevalent in the United States. It is for this reason that we regard the state cases cited by the district court in Government v. 3.4 Acres of Land, 12 V.I. 469, 473–474 (1975), in support of its decision denying attorney fees, inter alia, in condemnation cases as inapposite and we do

---

[4] It is interesting to note that the Commissioners on Uniform State Laws have taken a similar position in their Uniform Eminent Domain Code (1974). See § 1205(b) of that code and Comment.

[5] "Section 1.—The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defenses thereto, which allowances are termed costs." Codes of Laws of St. Croix and of St. Thomas and St. John, approved June 15, 1920, and March 17, 1921, respectively, title III, chapter 50, sec. 1.

[6] Section 541 in pertinent part provides:

"(a) Costs which may be allowed in a civil action include:

   *   *   *

(6) Attorney's fees as provided in subsection (b) of this section.

(b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto." 5 V.I.C. § 541.

not follow them.[7] We need only add that in the Baptiste case we also held that attorney fees may properly be awarded against the government in the Virgin Islands.

■ We conclude that the district court has authority in its discretion to award costs including reasonable attorney fees against the government in the present case. Since the court was of the view that it had no such authority, its action was not based upon an exercise of discretion. The case must, therefore, go back to the district court to enable that court to consider on its merits the appellant's claim for costs and attorney fees and to enter such judgment thereon as the court in the exercise of a sound discretion deems just and proper.

So much of the judgment appealed from as ordered that each party bear its own costs and attorney fees will be vacated as to the appellant, Chas. H. Steffey, Inc., and the cause will be remanded for further proceedings not inconsistent with this opinion.

---

ROSENN, *Circuit Judge*, Dissenting

I respectfully dissent because I am compelled to believe that Fed. R. Civ. P. 54(d) does not have any operative effect in condemnation cases. I view Fed. R. Civ. P. 71A(1) as effectively neutralizing the operation of Rule 54(d) in condemnation proceedings. I conclude that before an award of costs and attorney's fees may be made against the Government of the Virgin Islands in a condemnation case, specific statutory authority must be found in Virgin Islands law to support such an award. I am convinced that no such authority exists in the Virgin Islands Code.

---

[7] Moreover, the cited cases are not relevant in that they deal with a different issue from that involved in this case, namely, whether the reimbursement of a condemnee's attorney fees is constitutionally mandated as part of the just compensation due the condemnee for the taking of his property.

In ordinary civil cases, costs are awardable as a matter of course to the prevailing party unless otherwise directed by the court under Rule 54(d). Condemnation actions, however, have never been regarded as ordinary civil proceedings and the procedure to be followed in such cases is specially set forth in Rule 71A. Rule 71A(1) provides that costs in condemnation cases "are not subject to Rule 54(d)." I read this rule to be a simple declaration that the normal rule on costs in civil proceedings under Rule 54(d) is not applicable to condemnation cases. See United States ex rel. T.V.A. v. Easement & Right-of-Way, 452 F.2d 729, 730 (6th Cir. 1971). See also, 12 Wright & Miller, Federal Practice and Procedure, § 3056 at 158.

Indeed, there is good reason to view Rule 71A(1) as neutralizing the operation of Rule 54(d). The majority acknowledges the difficulties encountered in ascertaining which party prevails in condemnation proceedings, a consideration that militates against applying the normal Rule 54(d) provision on costs. Maj. Op. at 593–94. The general rule in the United States is that costs are not allowable in a condemnation case unless specifically provided for by statute. 4A Nichols, Law of Eminent Domain, § 1429 at 14-352-54.[1] I read Rule 71A(1) as codifying this basic view. Yet, the majority believes that when stripped of its limitations, Rule 54(d) provides some authority for the award of costs in condemnation proceedings despite the negating language of Rule 71A(1). Maj. Op. at 594.

---

[1] The same rule applies to attorney's fees. Moore explains that there is no constitutional problem in requiring a landowner to bear his own attorney's fee: "The constitutional mandate of just compensation does not require reimbursement of an owner for his attorney's fees and other litigation expenses in defending a condemnation proceeding." 7-Pt. 2 Moore's Federal Practice, ¶ 71A.130[3] at 623 (2d ed. 1948). See Dohany v. Rogers, 281 U.S. 362, 368 (1929). The Supreme Court in Dohany stated: "A state may allow the recovery of an attorney's fee in special classes of proceedings while withholding them in others." 281 U.S. at 368. Similar reasoning would support the conclusion that there is nothing unconstitutional about requiring a landowner to bear his own costs.

Although I believe that Rule 71A(1) completely neutralizes the operation of Rule 54(d) in condemnation cases, this is not to say that costs can never be awarded in such cases, and in this respect, I agree with the majority that Rule 71A(1) makes no such sweeping prohibition. The Committee Note to Rule 71A(1) observes:

Without attempting to state what the rule on costs is, the effect of subdivision (1) is that costs shall be awarded in accordance with the law that has developed in condemnation cases.

28 U.S.C.A. Rule 71A(1) at 590 (1976). See 12 Wright & Miller, supra § 3056, at 158. In view of Rule 71A(1), it is evident that whatever authority exists for a costs award is not derived from the application of Rule 54(d), but from whatever statutory law governs condemnation proceedings. It therefore becomes critical that specific statutory authority exist in the Virgin Islands to authorize a costs award in a condemnation proceeding.

The majority, however, finds the requisite statutory authorization through the interaction of Rule 54(d), the general Virgin Islands cost provision, 5 V.I.C. § 541(a), and a section of the Virgin Islands condemnation statute, 28 V.I.C. § 415(c). The majority first contends that Rule 54(d) may be construed to grant basic authority to award costs in condemnation cases. Maj. Op. at 594. Next, the majority reasons that specific authority exists in the Virgin Islands to award costs in condemnation cases through the interaction of 5 V.I.C. § 541(a) and 28 V.I.C. § 415(c). 5 V.I.C. § 541(a) permits a court to award certain costs in ordinary civil actions. 28 V.I.C. § 415(c), however, deals with condemnation proceedings and mentions costs and expenses in three different instances. The majority concludes that the inclusion of the term costs in § 415(c) means that costs are awardable if other authority exists for such an award. They see "other" authority in Rule 54(d) and 5

V.I.C. § 541(a). Maj. Op. at 594–95. I believe that close examination of these statutory provisions will reveal no support for the majority's analysis.

Chief Judge Christian in Government of the Virgin Islands v. Approximately 3.4 Acres of Land, 12 V.I. 469, 471 (D.V.I. 1975), after reviewing the legislative history of 5 V.I.C. § 541(a) points out that it was enacted "to fill a gap left open by Rule 54(d) and 28 U.S.C. §§ 1911–1929." I agree. The problem was that Rule 54(d) did not define what costs were allowable by the court. This definition was provided for the federal courts by 28 U.S.C. §§ 1911–1929. However, these provisions are inapplicable to the Virgin Islands by virtue of 28 U.S.C. § 451. Thus, a local cost counterpart to 28 U.S.C. §§ 1911–1929 was necessary to determine what costs were allowable in the Virgin Islands. V.I.C.A. tit. 5, § 541 at 157. Thus, 5 V.I.C. § 541(a) cannot be considered except as a supplementary provision to Rule 54(d).[2]

If Rule 71A(1) renders Rule 54(d) inapplicable in condemnation cases, it logically follows that 5 V.I.C. § 541(a) can likewise be given no effect. Section 541(a) is definitional in nature and looks to Rule 54(d) for the basic authority to award costs in ordinary civil actions and not condemnation proceedings. We next turn to 28 V.I.C. § 415(c). The majority concedes that § 415(c) does not "amount to a positive grant of authority to award costs and expenses." Maj. Op. at 595. Indeed, a close examination of 28 V.I.C. § 415(c) reveals that costs are awardable in a condemnation case *only* when the public need requires immediate entry into possession of the landowner's property by the condemnor, or when the condemnor dismisses

---

[2] Appellants argue that 5 V.I.C. § 541(a) was not a gap-filler because it was based on a prior Virgin Islands Code. However, the history of § 541 reveals that Rule 54(d) superseded the prior Code. V.I.C.A. tit. 5, § 541 at 157. Thus, I can only conclude that 5 V.I.C. § 541 was enacted specifically to provide the definition of costs in the Virgin Islands for purposes of Rule 54(d).

or abandons an action against the landowner, or when no award is made. This is *not* a specific statutory grant of authority to award costs in all condemnation cases.

The common law clearly prohibited cost awards in condemnation actions in the absence of a special statute. It is an elementary canon of statutory construction that "[t]he legislature is presumed to know the common law before the statute was enacted. . . ." 2A Sutherland, Statutory Construction, § 50.01 at 268 (4th ed. 1973). One must conclude that the legislature of the Virgin Islands only intended § 415(c) to provide certain narrow exceptions to the general prohibition of costs in condemnation cases.

This analysis is confirmed by the construction of an analogous provision allowing costs against the federal government in condemnation cases only in narrow circumstances. In 1966, Congress first provided for cost awards against the federal government. 28 U.S.C. § 2412. In 1970, Congress enacted legislation substantially similar to the legislation enacted by the Virgin Islands in § 415(c) providing for assessment of costs in condemnation cases against the government in the limited situations when (1) the final judgment is that the federal government cannot acquire the property or (2) the government abandons the action. 42 U.S.C. § 4654(a). Courts have read the latter provision to mean that Congress in 1966 did not intend to allow cost awards against the federal government in all condemnation cases. United States ex rel. T.V.A., supra, at 731; United States v. 2,186.63 Acres of Land, Wasatch City, Utah, 464 F.8d 676, 678 (10th Cir. 1972). Rather, cost awards are limited to the narrow exceptions envisioned by 42 U.S.C. § 4654(a). Analogously, 28 V.I.C. § 415(c) must be construed as a narrow exception to the general rule against costs in condemnation cases and not as an indication of legislative intent to authorize cost awards in all such cases.

From the foregoing, it is evident that no specific statutory authority exists in the Virgin Islands upon which a costs award in a condemnation case may be based. I therefore would affirm the judgment of the district court.