**LENNOX CHELCHER, ET AL., Plaintiffs**
**v.**
**SPIDER STAGING CORP., Defendant**

Civil No. 91-107

District Court of the Virgin Islands

Div. of St. Croix

August 10, 1995

MEMORANDUM

This matter is before the Court on the defendant Hess Oil Virgin Islands' ("HOVIC") motion for costs and attorneys fees related to the plaintiffs' motion for declaratory relief which this Court denied on June 6, 1995. For the reasons set forth below, HOVIC's motion will be denied.

An Award of attorney's fees under V.I. CODE ANN. tit, 5, § 541(b) is a matter of judicial discretion. *Collins v. Government*, 5 V.I. 622, 366 F.2d 279 (3d Cir. 1966), *cert. denied*, 386 U.S. 958 (1967).[1]

As a preliminary matter, the Court will deny an award of costs and attorneys' fees insofar as such expenditures resulted from the plaintiffs' appeal of the Magistrate Judge's Order of December 8, 1994 which originally denied plaintiffs' motion for declaratory relief. Since the Court found error in the Magistrate Judge's rationale, the plaintiffs' *appeal* cannot have been frivolous.

---

[1] An "award of attorney's fees in personal injury cases is prohibited unless the court finds that the *complaint* filed or the defense is frivolous." 5 V.I.C. § 541(b) (emphasis added). As the statute makes no reference to motions for declaratory relief forming the basis for an award of attorneys fees, the Court doubts that the subject motion alone falls under the purview of § 541(b). This question need not be decided, however, because the Court finds that equitable considerations weigh against an award of fees in this instance.

The alleged frivolity of the initial motion, however, is another matter. In this case, the plaintiffs sought a declaration of their rights to file suit as they were affected by the contract of general release ("release") signed by HOVIC and the plaintiffs on December 14, 1992. The plaintiffs also sought a declaration of rights which they allege accrued to them under 16 V.I.C. § 342(a)(3)(C). In the course of their argument, plaintiffs acknowledged that the RESTATE-MENT (SECOND) OF TORTS does not allow the children of an injured parent a cause of action and prayed that the Court create an judicial exception to this rule in light of other statutory provisions of Virgin Islands law. Though illogical, this aspect of the plaintiffs' argument bore some indicia of good faith advocacy insofar as the minor childrens' release of HOVIC might indeed be deemed voidable under the Restatement.[2] Successful construction of one step of an argument does not, however, excuse omission of another essential step. Plaintiffs completely failed to address the import of the stipulation for dismissal with prejudice signed by their attorney, clearly purporting to represent the whole Chelcher family. By omitting any discussion of this obvious impediment to their argument, the plaintiffs' motion lost its pretense of legal coherence. Accordingly, in the June 6, 1995 Memorandum, the Court chastised plaintiffs regarding the frivolity of their original motion, warning that the motion came dangerously close to sanctionable conduct under FED. R. CIV. P. 11.[3]

The Court, however, declines to award HOVIC costs and attorneys' fees in this instance on equitable grounds. HOVIC, the one party most responsible for Mr. Chelcher's injuries (other than Chelcher himself), escaped potentially substantial liability when Chelcher and his family released their claims for $21,207.24, an

---

[2] As the Court pointed out in its denial of plaintiffs' appeal, any cause of action which the minor children may have had in this case must have accrued at the time of the tortious conduct. Plaintiffs would have the Court apply the Restatement as of the time the children signed the release of HOVIC (by finding that the minor children had no cause of action to release) and thereafter ignore the Restatement to create new, *ex post facto* law (by creating a cause of action on behalf of the minor children).

[3] Rule 11 excepts "nonfrivolous argument for the extension, modification, or reversal of existing law" from the description of sanctionable conduct. FED. R. CIV. P. 11(b)(2). The Court indulged plaintiffs' omission of the release issue because counsel wisely admitted that the law was against him.

insubstantial sum when compared to the scope of HOVIC's apparent indifference to Chelcher's safety.

If 5 V.I.C. § 541 empowered this Court to assess costs and attorneys fees directly against counsel, the Court would readily impose a plaintiffs' counsel the costs reasonably attributable to preparing a response to the plaintiffs' original motion for declaratory relief. Unfortunately, section 541 costs and attorneys fees are to be included in the judgment[4] and, as such, cannot be "assigned" to a party's counsel. The Court will not further reduce Mr. Chelcher's compensation for his injuries purely because his attorney came dangerously close to sanctionable conduct.

ENTERED this 10th day of August, 1995.

## ORDER

For the reasons set forth in the attached Memorandum, it is hereby

ORDERED that the defendant's motion for costs and attorneys fees is DENIED.

ENTERED this 10th day of August, 1995.

---

[4] *See, e.g., Baptiste v. Government of the Virgin Islands*, 12 V.I. 607 (3d Cir. 1976).